JOHN L. HOLCOMB, JR, BAR ID #258175
jholcomb@khslaw.com
SHAHROKH SHEIK, BAR ID #250650
ssheik@khslaw.com
KRAMER HOLCOMB SHEIK LLP
1925 Century Park East, Ste. 1180
Los Angeles, California 90067
Telephone: (310) 551-0600
Facsimile:  (310) 551-0601

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISS GLOBAL ORGANIZATION LLC, a California limited liability company and VAN PHAM, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SOKHUNTEA MAK, as known as TEA MAK, an individual; SCOTT WARE, an individual; and DOES 1 through 10,<br><br>Defendant. | Case No.: 8:17-CV-2223<br><br>**DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM FOR:**<br><br>1. **BREACH OF ORAL CONTRACT;**<br>2. **PROMISSORY ESTOPPEL;**<br>3. **FRAUD;**<br>4. **BREACH OF IMPLIED-IN-FACT CONTRACT;**<br>5. **BREACH OF CONFIDENCE;**<br>6. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;** |
| MISS GLOBAL ORGANIZATION, LLC, a California limited liability company and SOKHUNTEA MAK, as known as TEA MAK, an individual;<br><br>Counter-Claimants,<br><br>vs.<br><br>VAN PHAM, an individual, and DOES 1 through 10,<br><br>Counter-Defendant. | 7. **DEFAMATION;**<br>8. **CONVERSION;**<br>9. **FEDERAL UNFAIR COMPETITION;**<br>10. **UNFAIR BUSINESS PRACTICES IN VIOLATION OF CAL. BUS. & PROF. CODE §17200**<br>11. **BREACH OF FIDUCIARY DUTY;**<br>12. **ACCOUNTING;**<br>13. **DECLARATORY RELIEF;**<br>14. **COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:  12/20/2017<br>Trial Date:    None set |

- 1 -
DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

Defendants Sokhuntea Mak ("Mak") and Scott Ware ("Ware") (collectively "Defendants"), by their undersigned counsel, hereby answer Plaintiff's Complaint and assert affirmative defenses and counterclaims, along with Counter-Claimant Miss Global Organization, LLC ("MGO"), as follows:

## ANSWER

## THE PARTIES

1.      Admitted in part; denied in part. Defendants admit that MGO is a is a California limited liability company.  Defendants deny that MGO's principal place of business is located at 11101 Condor Ave., Fountain Valley, CA 92708.

2.      Admitted in part; denied in part. Defendants admit that Pham is a citizen of the State of California who resides in Los Angeles county. Defendants deny the remaining allegations in the paragraph.

3.      Admitted in part; denied in part. Defendants admit only that Mak resides in Issaquah, Washington.  Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4.      Admitted in part; denied in part. Defendants admit that Ware resides in Issaquah, Washington.  Defendants deny that Ware has falsely held himself out as the "Chief Operating Officer" of MGO.

5.      The allegations of paragraph 5 of the Complaint state conclusions of law to which no response is required.  To the extent that a response is required, the remaining allegations are denied.

## JURISDICTION AND VENUE

6.      Defendants admit the allegations of paragraph 6 of the Complaint.

7.      Admitted in part; denied in part. Defendants admit that they are subject to the personal jurisdiction of this Court and that venue is proper in this District. Defendants deny the remaining allegations of paragraph 7 of the Complaint.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

8.    Admitted in part; denied in part. Defendants admit that they are subject to this Court's specific and general personal jurisdiction.  Defendants deny the remaining allegations of paragraph 8 of the Complaint.

## FACTUAL BACKGROUND
## Mr. Pham's Intellectual Property

9.    Admitted in part denied in part.  Defendants admit that Registration No. 4,219,443, was issued by the USPTO on October 2, 2012 for "G MISS GLOBAL," as depicted, for use in connection with "Entertainment services, namely arranging and conducting beauty pageants."  Defendants admit that Pham registered the trademark under his personal name, however, this act was fraudulent.  Defendants deny that Pham is the rightful owner of the trademark. Pham registered the trademark under his personal name despite the fact that he and Mak had specifically agreed that MGO's trademark would be registered under the company's name. Pham assured Mak that the trademark was registered under the company's name. MGO's trademark is completely based on Mak's design.  Defendants deny the remaining allegations of paragraph 9 of the Complaint.

10.    Defendants deny the allegations of paragraph 10 of the Complaint. MGO is the rightful owner of the trademark.

11.    Admitted in part; denied in part. Defendants admit that Registration No. 4,219,443 is registered under Pham's personal name, however, this act was fraudulent. Defendant denies that Pham is the rightful owner of the trademark. Pham registered the trademark under his personal name despite the fact that he and Mak had specifically agreed that MGO's trademark would be registered under the company's name. Pham assured Mak that the trademark was registered under the company's name. MGO's trademark is completely based on Mak's design.  Defendants deny the remaining allegations of paragraph 11 of the Complaint.

////

////

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

## Mr. Pham Founded Miss Global Organization LLC

12.     Admitted in part; denied in part. Defendants admit that Pham registered MGO with the California Secretary of State in 2012.  Pham and Mak are the founders of MGO.  Defendants deny that since its inception, Pham has been the sole owner and CEO of MGO.  Defendants state that to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves and Defendants deny any characterizations thereof.

13.     Defendants admit the allegations in paragraph 13.

14.     Defendants admit the allegations in paragraph 14.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants admit the allegations in paragraph 16.

17.     Defendants deny the allegations in paragraph 17.

18.     Admitted in part; denied in part. Defendants admit that Mak did not contribute capital to MGO.  Defendants deny the remaining allegations of this paragraph.

19.     Defendants deny the allegations in paragraph 19.

## Defendants' Wrongful and Infringing Activities

20.     Admitted in part; denied in part. Defendants admit that after discovering that MGO was suspended, Defendants filed a SOI with the California Secretary of State on November 14, 2017.  Defendants deny that Defendants fraudulently filed the SOI and falsely listed Mak as the founder and CEO of MGO.

21.     Defendants deny the allegations in paragraph 21. Mak has always had access to the accounts and the domains remain operative.

22.     Defendants deny the allegations in paragraph 22.

23.     Defendants deny the allegations in paragraph 23. The domains have not been wrongfully obtained.

24.     Defendants deny the allegations in paragraph 24. Defendants deny that Defendants have made any false representations.

- 4 -

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

25.     Defendants deny the allegations in paragraph 25. Defendants deny that Defendants have in any way tarnished Pham's name.

26.     Defendants deny the allegations in paragraph 26. Defendants deny that Defendants have in any way instructed anyone to rescind contracts with Pham.

27.     Defendants deny the allegations in paragraph 27. Defendants deny that Defendants disturbed any of Plaintiffs' business relationships.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants deny the allegations in paragraph 29.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31.

32.     Admitted in part; denied in part.  Defendants admit Plaintiff sent a cease and desist letter to Defendants.  Defendants deny the remaining allegations of this paragraph.  Defendants state that to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves and Defendants deny any characterizations thereof.

33.     Defendants deny the allegations in paragraph 33.  Defendants state that to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves and Defendants deny any characterizations thereof.

## COUNT I

## Trademark Infringement In Violation of 15 U.S.C. § 1114 *Et Seq.*

34.     Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

////

////

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

## COUNT II

### Federal Unfair Competition In Violation of 15 U.S.C. § 1125

39.    Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

40.    Defendants deny the allegations in paragraph 40.

41.    Defendants deny the allegations in paragraph 41.

42.    Defendants deny the allegations in paragraph 42.

43.    Defendants deny the allegations in paragraph 43.

44.    Defendants deny the allegations in paragraph 44.

45.    Defendants deny the allegations in paragraph 45.

46.    Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

## COUNT III

### California Statutory Unfair Competition In Violation of

### Cal. Bus. & Prof. Code § 17200

47.    Defendants deny the allegations in paragraph 47.

48.    Defendants deny the allegations in paragraph 48.

49.    Defendants deny the allegations in paragraph 49.

50.    Defendants deny the allegations in paragraph 50.

51.    Defendants deny the allegations in paragraph 51.

52.    Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

## COUNT IV

### California Common Law Unfair Competition

53.    Defendants deny the allegations in paragraph 53.

54.    Defendants deny the allegations in paragraph 54.

55.    Defendants deny the allegations in paragraph 55.

56.    Defendants deny the allegations in paragraph 56.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

57.     Defendants deny the allegations in paragraph 57.

## COUNT V

## Civil Conspiracy

58.     Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

## COUNT VI

## Fraud

65.     Admitted in part; denied in part. Defendants admit that after discovering that MGO was suspended, Defendants filed a SOI with the California Secretary of State on November 14, 2017.  Defendants deny that Defendants fraudulently filed the SOI and falsely listed Mak as the founder and CEO of MGO.

66.     Defendants deny the allegations in paragraph 66.

67.     Admitted in part; denied in part.  Defendants admit that the California Secretary of State website now lists Mak as the agent for service of process and "President and CEO" of MGO and an address associated with Mak as the address for MGO.  Defendants deny the remaining allegations in this paragraph.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

////

////

- 7 -

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

## COUNT VII

### Intentional Interference with Prospective Economic Relations

71.     Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

72.     Defendants deny the allegations in paragraph 72.

73.     Defendants deny the allegations in paragraph 73.

74.     Denied. Defendants deny that Defendants disturbed any of Plaintiffs' business relationships

75.     Defendants deny the allegations in paragraph 75.

## COUNT VIII

### Intentional Interference with Contractual Relations

76.     Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

77.     Defendants deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

## COUNT IX

### Defamation

81.     Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

82.     Denied. Defendants deny that Defendants have in any way tarnished Pham's name.

## COUNT X

### Conversion

83.     Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

- 8 -

84.    Denied. Mak has always had access to the accounts and the domains remain operative.

85.    Defendants deny the allegations in paragraph 85.

## COUNT XI

## Constitutional Right to Privacy

86.    Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

87.    Defendants admit the allegations in paragraph 87.

88.    Defendants deny the allegations in paragraph 88.

89.    Defendants deny the allegations in paragraph 89.

## COUNT XII

## Misappropriation of Name of Likeness

90.    Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

91.    Defendants deny the allegations in paragraph 91.

92.    Defendants deny the allegations in paragraph 92.

## COUNT XIII

## Violation of California Civil Code § 527.6

93.    Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

94.    Denied. Defendants state that to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves and Defendants deny any characterizations thereof.

## COUNT XIV

## Violation of California Civil Code § 3344

95.    Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

96.    Defendants deny the allegations in paragraph 96.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

97.   Defendants deny the allegations in paragraph 97.

## COUNT XV

### Violation of California Penal Code § 502

98.   Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

99.   Defendants deny the allegations in paragraph 99.

100.   Defendants deny the allegations in paragraph 100.

101.   Defendants deny the allegations in paragraph 101.

## COUNT XVI

### Violation of California Penal Code § 530.5

102.   Defendants repeat and incorporate by reference all of their preceding responses to the Complaint as if fully set forth herein.

103.   Defendants deny the allegations in paragraph 103.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

### Second Affirmative Defense

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Defendants allege that Plaintiff has failed to join all persons and parties needed for a just adjudication of this action who are indispensable under Federal Rules of Civil Procedure.

### Third Affirmative Defense

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Defendants allege that Plaintiff's claims are barred by laches, waiver and/or estoppel.

////

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

### Fourth Affirmative Defense

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Defendants allege alleges that Plaintiff failed to commence this action within the time required by the applicable statutes of limitation.

### Fifth Affirmative Defense

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Defendants allege that Plaintiff has failed to mitigate the alleged damages, if any there were. Accordingly, the amount of loss, injury or damages to which Plaintiff is entitled, if any, should be reduced by the amount of loss, injury or damages which would have otherwise been mitigated and Plaintiff is barred from any recovery of any loss, injury or damages suffered thereby

### Sixth Affirmative Defense

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Plaintiffs breached their agreements, if any, with these answering defendants in that they did not comply with all of the conditions and covenants of the agreements in question between the plaintiffs and theses answering defendants.

### Seventh Affirmative Defense

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Plaintiffs' Complaint and each of its causes of action are barred by the doctrines of waiver, estoppel, latches, and consent.

### Eighth Affirmative Defense

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory and general terms used in Plaintiffs' Complaint.  Accordingly, Defendants reserve the right to assert additional defenses as applicable.

////

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

### **RELIEF**

WHEREFORE, Defendants prays for judgment against Plaintiff MISS GLOBAL ORGANIZATION LLC, and VAN PHAM as follows:

A.   That Plaintiff takes nothing by its Complaint on file herein;

B.   That Plaintiff's requests for general damages, special damages, attorneys' fees and costs of suit be denied;

C.   That judgment be entered in favor of Defendants and against Plaintiffs on all causes of action;

D.   That Defendants be awarded reasonable attorneys' fees according to proof;

E.   That Defendants be awarded the costs of suit incurred herein; and

F.   That Defendants be awarded such other relief as the Court may deem just and proper.


Respectfully submitted,

DATED: February 16, 2018                KRAMER HOLCOMB SHEIK LLP


By: /s/ John L. Holcomb, Jr.
JOHN L. HOLCOMB, JR.
SHAHROKH SHEIK

*Attorneys for Defendants and*
*Counter-Claimants*

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

## COUNTERCLAIMS

1.     For their counterclaims against Plaintiff and Counter-Defendant Van Pham ("Pham"), Defendant and Counter-Claimant Sokhuntea Mak ("Mak"), along with Counter-Claimant MISS GLOBAL ORGANIZATION LLC allege as follows:

## THE PARTIES

2.     Counter-Claimant Mak, is an individual, who resides in Issaquah, Washington. Mak is the founder and CEO of MISS GLOBAL ORGANIZATION LLC ("MGO").

3.     Counter-Claimant MGO is a California limited liability company with its principal place of business located at 1072 Hoffman Ave., Long Beach, CA 90813.

4.     Counter-Defendant Pham is an individual who resides in Los Angeles County.

5.     The true names and capacities of counter-defendants Does 1 through 10, inclusive, are unknown to Counter-Claimants.  Counter-Claimants therefore sue these counter-defendants by such fictitious names.  Counter-Claimant will appropriately seek leave of Court to amend these counter claims to show the true names and capacities of such counter-counter defendants when that information has been ascertained.

## JURISDICTION

6.     This court has jurisdiction over these counterclaims pursuant to 28 U.S.C. section 1332.

## VENUE

7.     Venue is proper in the Central District because Counter-Defendant brought his lawsuit against Counter-Claimants in the Central District, and because Counter-Defendant or his agents do business in and/or may be found in the Central District.

## GENERAL ALLEGATIONS

8.     Mak and Pham have known each other for many years.

9.     Mak has a long-standing career in the entertainment industry as a consultant, red carpet host, model, and actress.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

10.     Around April 2011, Pham requested to meet with Mak.  During the meeting, Pham asked Mak about her connections in the entertainment industry. Ultimately, Pham and Mak began discussing business ideas.  Pham suggested that he and Mak start a business together, preferably in the entertainment field. Pham intended to start a business with Mak to capitalize on her established connections in the entertainment industry.

11.     In September 2011, Pham and Mak discussed business ideas together at Pham's home. The two spent a couple of days meeting together to determine what business they should launch. Pham initially suggested starting an Asian awards show, but Mak had reservations about its potential for success. Mak suggested that they create a company that arranges and conducts beauty pageants instead, and Pham agreed.

12.     Mak came up with the company name Miss Global Organization.

13.     Mak ran a search for the domain name on Host Monster, and found it was available. Because Pham already had an account on Host Monster, he was instructed to purchase the domain name on MGO's behalf along with five other domain names related to MGO.

14.     At MGO's inception, in September 2011, Pham and Mak verbally agreed to share an equal 50-50 ownership interest in MGO.  Mak and Pham are the co-founders of MGO.

15.     The material terms of the agreement, which were discussed an agreed upon, included that Pham and Mak would share equal ownership interest in MGO.  It was agreed to that Mak would provide the vision for MGO and establish and oversee the company's operations and procedures, and Pham would handle MGO's financial operations.

16.     Since the company's inception, Mak has expended significant time and recourses developing MGO.  Mak formulated all of the ideas behind the development of MGO including, but not limited to, the company name, the company trademark, the rules and regulations, business model, judging criteria, logo designs, slogans, and

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

company mission.  She determined how to attract contestants and sponsors, how to build strategic relationships with countries for purposes of conducting an international pageant, and the nonprofits MGO would work with.

17.     In early March 2012, Pham called Mak to ask her how to get a business license for MGO in California.  She advised him on the process. Pham assured Mak that he would put her name on the business registration filing.

18.     On March 10, 2012, Pham registered MGO with the California Secretary of State as a limited liability company.  Pham assured Mak that her name was on MGO's business registration filing as an owner of the company.  However, this was a lie.  It was not until September 2017 that Mak discovered that Pham had failed to list her as an owner of MGO in the company's business registration filing.  Subsequently, Mak had repeated discussions with Pham about adding her name to MGO's business registration filing, and Pham repeatedly assured Mak he would make the change, as they were joint owners of MGO.  However, Pham never added Mak's name.

19.     In July 2012, Pham opened a Bank of America business account for MGO without Mak, despite the fact that Pham and Mak had agreed that they would both be signers on the account for MGO.  Pham assured Mak that he would add her to the account. Subsequently, during Mak's next visit to Los Angeles, Pham gave Mak the authorization documents to sign to be added as a signer on MGO's bank account.  Mak gave Pham the completed documents, however, Pham never added Mak to the account. Every time Mak confronted Pham about being added to the account, he made misrepresentations.

20.     On October 2, 2012, Pham registered MGO's trademark, Registration No. 4,219,443.  Pham registered the trademark under his personal name despite the fact that he and Mak had specifically agreed that MGO's trademark would be registered under the company's name. Pham assured Mak that the trademark was registered under the company's name.  It was not until September 2017 that Mak discovered that Pham had

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

registered MGO's trademark under his personal name rather than under the company name.    MGO's trademark is completely based on Mak's design.

21.    Around November to December 2012, Pham requested that Mak do the majority of contestant recruiting.  Mak spent approximately seven months recruiting contestants for MGO.  Through Mak's established reputation in the entertainment industry and hard work she was able to recruit contestants and successfully launch MGO.

22.    Mak had the vision and expertise to develop MGO into a successful company that arranges and conducts beauty pageants worldwide.  As the company representative, Mak brought credibility to MGO.  Mak's established reputation and many years of hard work in the entertainment industry prior to MGO's creation is the reason the company had a successful launch.

23.    Throughout the years, MGO continued to grow and prosper because of Mak's efforts.

24.    Pham significantly mismanage the business operations of MGO.  Over time Pham's relationship with MGO staff and contestants became increasingly strained because of his hostile attitude and lack of leadership. Subsequently, Mak began to take more control of MGO's operations.

25.    Pham has engaged in numerous acts of inappropriate and wrongful conduct to the detriment of MGO and Mak.  Such wrongful behavior includes, but is not limited to, mismanaging MGO's finances and exploiting and disparaging MGO contestants.  Pham's wrongful actions have interfered with MGO's relationships with contestants, staff, national directors, sponsors, vendors, investors, and other business contacts.

26.    Pham has tarnished Mak's name, publically or to third parties, by telling numerous individuals on numerous occasions that Mak is "nothing more than the bitch face to Miss Global." Pham has also tarnished Mak's name, publically or to third parties, by telling numerous individuals on numerous occasions that Pham "is the sole owner of MGO." This has interfered with Mak's ability to conduct pageants for MGO.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

## FIRST CAUSE OF ACTION
## BREACH OF ORAL CONTRACT
### (MAK against All Counter-Defendants)

27.     Counter-Claimant re-alleges and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

28.     In September 2011, Mak, on the one hand, and Pham, on the other, entered into an oral contract for the purpose of creating a company that arranges and conducts beauty pageants—MGO (the "Contract").  The material terms of the Contract, which were discussed an agreed upon at this meeting, included that Pham and Mak would share equal ownership interest in MGO.  It was understood that Mak would provide the vision for MGO and establish and oversee the company's operations and procedures. Pham would handle MGO's financial operations.

29.     Mak performed all of her obligations under the Contract or was excused from performance as a result of Counter-Defendant's material breaches.

30.     Although Counter-Defendant had the ability to carry out the terms of the Contract, Counter-Defendant breached the Contract by attempting to repudiate its existence and wrongfully attempting to exclude Mak as a rightful owner of MGO. Said conduct constitutes a material breach of the Contract.

31.     Counter-Defendant further breached the implied covenant of good faith and fair dealing by unfairly preventing Mak from receiving all of the benefits she would be entitled to receive under the Contract had Counter-Defendant not breached.

32.     As a direct and proximate result of Counter-Defendant's breach, Mak has suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## PROMISSORY ESTOPPEL
### (MAK against All Counter-Defendants)

33.     Counter-Claimants re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

34.     Mak alleges this claim in the alternative to her cause of action for Breach of Oral Contract.

35.     Counter-Defendant made a promise clear and unambiguous in its terms that Pham and Mak would share equal ownership interest in MGO.  As such, Pham also promised to add Mak's name as an owner to the MGO's articles of organization.

36.     Mak relied on the promise by Pham as demonstrated by the significant amount of time and recourses Mak expended developing MGO.  Mak formulated all of the ideas behind the development of MGO including, but not limited to, the company name, the company trademark, the rules and regulations, business model, judging criteria, logo designs, slogans, and company mission.  She determined how to attract contestants and sponsors, how to build strategic relationships with countries for purposes of conducting an international pageant, and the nonprofits MGO would work with.

37.     Mak's reliance was both reasonable and foreseeable in light of the multiple assurances by Pham that they were equal owners of MGO.  Mak justifiably relied on Pham's promise because she had known him for many years and believed him to be an honorable man and believed Pham to be honest and sincere about working with Mak.

38.     As a direct and proximate result of Mak's reliance on the promise made by Pham, Mak has suffered damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### FRAUD

### (MAK against All Counter-Defendants)

39.     Counter-Claimants re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

40.     Counter-Defendant has committed four variations of fraud.

### Intentional Misrepresentation

41.     Pham misrepresented to Mak the material fact that Mak and Pham would

- 18 -

share equal ownership interest in MGO and that MGO's trademark would be registered under the name of the company. These representations were false when made.

42.     Pham knew that his promises to Mak was false when he made it.

43.     Pham intended to defraud and induce Mak into entering into the Contract described above because Mak is well-connected in the entertainment industry given her long-standing career in the entertainment industry as a consultant, red carpet host, model, and actress.  Mak had the vision and expertise to develop MGO into a successful company that arranges and conducts beauty pageants internationally.  As the company representative, Mak brought credibility to MGO.  Mak's established reputation and many years of hard work in the entertainment industry prior to MGO's creation is the reason the company had a successful launch.

44.     Mak relied on Pham's promise and spent countless hours, money and a great deal of effort in pursuing the development of MGO.  Mak justifiably relied on Pham's promise because she had known him for many years and believed him to be an honorable man and believed Pham to be honest and sincere about working with Mak.

45.     Mak did not know Pham's representation was false and believed it was true especially in light of Pham's multiple assurances to Mak and others that he and Mak, as the company's founders, had equal ownership rights of MGO.

46.     Mak had no reason to believe that Pham would not honor his promise based on the multiple assurances Pham made to Mak.

Deceit per Cal. Civil Code §1710

47.     Pham made a promise to Mak that Mak and Pham would share equal ownership interest in MGO and that MGO's trademark would be registered under the name of the company.

48.     Pham knew that his promise to Mak was false when it was made.

49.     Pham's promise was made with the intent to defraud and induce Mak to rely upon it.  Pham intended to induce Mak into entering into the Contract because Mak is well-connected in the entertainment industry given her long-standing career in the

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

entertainment industry as a consultant, red carpet host, model, and actress. Mak had the vision and expertise to develop MGO into a successful company that arranges and conducts beauty pageants internationally. As the company representative, Mak brought credibility to MGO. Mak's established reputation and many years of hard work in the entertainment industry prior to MGO's creation is the reason the company had a successful launch.

50. Mak was unaware of Pham's intention not to perform the promise.

Actual Fraud per Cal. Civil Code §1572

51. Pham intended to induce Mak to enter into the Contract and to use her significant efforts and talents to successfully launch and develop MGO into a successful company that arranges and conducts beauty pageants internationally by making a promise to Mak (that they would share equal ownership interest in MGO) without any intention of performing it. Pham knew that his promise to Mak was false.

52. Pham's promise was made with the intent to defraud and induce Mak to rely upon it. Pham intended to induce Mak into entering the Contract because Mak is well-connected in the entertainment industry given her long-standing career in the entertainment industry as a consultant, red carpet host, model, and actress. Mak had the vision and expertise to develop MGO into a successful company that arranges and conducts beauty pageants internationally. As the company representative, Mak brought credibility to MGO. Mak's established reputation and many years of hard work in the entertainment industry prior to MGO's creation is the reason the company had a successful launch.

53. Mak was unaware of Pham's intention not to perform the promise.

54. Pham committed other acts fitted to deceive by constantly reassuring Mak that he was committed to being equal owners with Mak in MGO.

Constructive Fraud per Cal. Civil Code §1573

55. By virtue of the contractual relationship between Pham and Mak as alleged above, Pham owed Mak a duty of truth, honesty and full disclosure.

- 20 -

56.     Pham breached this duty by secretly usurping the business opportunity in MGO for his own benefit, thereby gaining a financial benefit for himself to the prejudice of Mak.  Pham failed to disclose at any time throughout the many years of MGO's operation that he did not intend share equal ownership interest in MGO.

57.     Mak was misled by Pham to her prejudice.  Had Mak known Pham's true intentions she would have never entered into the Contract or spent a significant amount of time, money and effort into launching and developing a successful company that arranges and conducts beauty pageants internationally with Pham.

58.     As a direct and proximate result of Pham's fraud, Mak has suffered damages in an amount to be proven at trial.

59.     Pham's conduct as described herein was done with a conscious disregard of the rights of Mak, with the intent to vex, annoy, and/or harass Mak and to unjustly profit from the use of Mak's ideas.  Such conduct was unauthorized and constitutes oppression, fraud, and/or malice under California Civil Code §3294, entitling Mak to an award of punitive damages in an amount appropriate to punish or set an example of Pham in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### BREACH OF IMPLIED-IN-FACT CONTRACT
#### (Mak against All Counter-Defendants)

60.     Counter-Claimants re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

61.     In September 2011, Mak, on the one hand, and Pham, on the other, entered into an agreement for the purpose of creating a company that arranges and conducts beauty pageants—MGO.  The material terms of the agreement, which were discussed an orally agreed upon at this meeting, included that Pham and Mak would share equal ownership interest in MGO.  It was understood that Mak would provide the vision for MGO and establish and oversee the company's operations and procedures. Pham would handle MGO's financial operations.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

62.     Since the company's inception, Mak expended significant time and recourses developing MGO.  Mak formulated all of the ideas behind the development of MGO including, but not limited to, the company name, the company trademark, the rules and regulations, business model, judging criteria, logo designs, slogans, and company mission.  She determined how to attract contestants and sponsors, how to build strategic relationships with countries for purposes of conducting an international pageant, and the nonprofits MGO would work with.

63.     Mak clearly conditioned the submission of the ideas behind the development and success of MGO on an obligation to provide her equal ownership interest in MGO for any use of the ideas.

64.     Pham, knowing this condition before Mak disclosed the ideas, voluntarily accepted the submission of the ideas.

65.     Pham found the ideas valuable and actually used them. MGO's success is based substantially on Mak's ideas, rather than on Pham's ideas or ideas from other sources.

66.      As a result of Mak's disclosure of her ideas to Pham, on the terms and conditions alleged above, Pham entered into an implied-in-fact contract that required Pham to provide Mak with an equal ownership interest in MGO for the use of her ideas.

67.     Mak has performed each and every obligation required of her pursuant to the terms and conditions of the implied-in-fact contract.

68.     Pham found Mak's ideas valuable and used them.  Pham breached the implied-in-fact contract by repudiating its existence and wrongfully excluding Mak as a rightful owner of MGO.

69.      As a direct and proximate result of Pham's breach, Mak has suffered damages in an amount to be proven at trial.

////

////

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

### FIFTH CAUSE OF ACTION

### BREACH OF CONFIDENCE

### (MAK against All Counter-Defendants)

70.     Counter-Claimants re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

71.     Since the MGO's inception in September 2011, Mak expended significant time and recourses developing the company.  Mak formulated all of the ideas behind the development of MGO including, but not limited to, the company name, the company trademark, the rules and regulations, business model, judging criteria, logo designs, slogans, and company mission.  She determined how to attract contestants and sponsors, how to build strategic relationships with countries for purposes of conducting an international pageant, and the nonprofits MGO would work with. Mak's ideas behind MGO's development were not generally known to the public and were only made known to persons or entities that were aware of the confidential nature of the idea and agreed to keep the idea confidential.

72.     Mak conveyed this confidential and novel information for MGO's development to Pham, with the understanding that she shared an equal ownership interest with him in MGO.  Mak clearly conditioned the submission of the ideas behind the development of MGO on an obligation to provide her equal ownership interest in MGO for any use of the ideas.

73.     Pham knew the information was being disclosed to him in confidence, and there was an understanding between Pham and Mak that the confidence be maintained.

74.     Based on standard industry and custom, Pham knew that Mak was disclosing her ideas to him in confidence and that confidence was to be maintained.

75.     Pham breached the confidential relationship by using the confidential information in violation of his understanding with Mak. Pham used the confidential information for his own benefit and wrongfully excluded Mak as a rightful owner of MGO.  Furthermore, Pham wrongfully registered MGO's trademark under his personal

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

name despite the fact that Mak and Pham had agreed that MGO's trademark would be registered under the company's name. MGO's trademark is completely based on Mak's design.

76.   As a direct and proximate result of Pham's breach, Mak has suffered damages in an amount to be proven at trial.

77.    Pham's conduct as described herein was done with a conscious disregard of the rights of Mak, with the intent to vex, annoy, and/or harass Mak and to unjustly profit from the use of Mak's idea.  Such conduct was unauthorized and constitutes oppression, fraud, and/or malice under California Civil Code §3294, entitling Mak to an award of punitive damages in an amount appropriate to punish or set an example of Pham in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

### (Counter-Claimants against All Counter-Defendants)

78.   Counter-Claimants re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

79.   There are existing economic relationships between MGO and Mak and third parties that are reasonably likely to yield economic advantage. For example, MGO and Mak, though Mak's sole efforts, have established relationships with contestants, staff, national directors, sponsors, vendors, investors, and other business contacts.

80.   Pham has knowledge of MGO and Mak's economic relationships.

81.   On information and belief, Pham has intentionally and purposefully intended to disrupt MGO and Mak's relationships.  Pham has engaged in numerous acts of inappropriate and wrongful conduct to the detriment of MGO and Mak.  Such wrongful behavior includes, but is not limited to, mismanaging MGO's finances and exploiting and disparaging MGO contestants.  Pham's wrongful actions have interfered with MGO's relationships with contestants, staff, national directors, sponsors, vendors,

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

investors, and other business contacts. Pham has also tarnished MGO and Mak's name, publicly or to third parties, by telling numerous individuals on numerous occasions that Mak is "nothing more than the bitch face to Miss Global." Pham has also tarnished Mak's name, publicly or to third parties, by telling numerous individuals on numerous occasions that Pham "is the sole owner of MGO." This has interfered with Mak's ability to conduct pageants for MGO.

82.     Pham's wrongful acts have caused substantial harm to MGO and Mak. MGO and Mak have been and are likely to continue to be injured as a result of Pham's actions either by direct diversion of substantial income from MGO or by a lessening of the goodwill associated with Mak and MGO and the services they provide, for which MGO and Mak have no adequate remedy at law.

## SEVENTH CAUSE OF ACTION
### DEFAMATION
### (MAK against All Counter-Defendants)

83.     Counter-Claimants re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

84.     Pham has made false and defamatory statements that have a natural tendency to injure or causes special harm to Mak. Pham has tarnished Mak's name and reputation, publically or to third parties, by telling numerous individuals on numerous occasions that Mak is "nothing more than the bitch face to Miss Global" and that Pham "is the sole owner of MGO." Such statements are false, defamatory, and unprivileged.

85.     As a result of the defamatory actions of Counter-Defendant, MAK has been harmed in amount to be proven at trial.

////

////

////

////

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

## EIGHTH CAUSE OF ACTION

### CONVERSION

### (Counter-Claimants against All Counter-Defendants)

86.   Counter-Claimants re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

87.   Pham intentionally and substantially interfered with MGO and Mak's property by preventing MGO and Mak from being able to access MGO's bank account and wrongfully converting its funds.

88.   In July 2012, Pham opened a Bank of America business account for MGO without including Mak on the account, despite the fact that Pham and Mak had agreed (and Pham had represented to Mak) that they would both be signers on the account for MGO.  Pham assured Mak that he would add her to the account. Subsequently, during Mak's next visit to Los Angeles, Pham gave Mak the authorization documents to sign to be added as a signer on MGO's bank account.  Mak gave Pham the completed documents, however, Pham never added Mak to the account.  Every time Mak confronted Pham about being added to the account, he made misrepresentations.

89.   Furthermore, Mak is informed and believes and thereon alleges that Pham has converted for his own use and benefit funds belonging to MGO and profits belonging to Mak, and has failed and refused and continues to fail and refuse to pay and account for these funds to MGO and Mak.

90.   Mak did not consent to this.

91.   As a direct and proximate result of Counter-Defendant's wrongful conduct, MGO and Mak have suffered damages in an amount to be proven at trial. Mak also requests an accounting to allow her to ascertain the full amount of her damage.

92.   Said conduct of Pham was and is fraudulent, oppressive and malicious, and in conscious disregard for the rights of Mak herein. By reason thereof, Mak is entitled to recover, and hereby requests an award of, punitive and exemplary damages from Pham in an amount to be determined at trial.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

### NINTH CAUSE OF ACTION

### FEDERAL UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. SECTION 1125

### (Counter-Claimants against All Counter-Defendants)

93.     Counter-Claimants re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

94.     Pham's unauthorized use of the Miss Global trademarks and Miss Global wordmark violates MGO's rights in the Miss Global trademarks and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Counter-Claimants' products and/or services are displayed, provided, distributed, endorsed, sponsored, approved, or licensed by Counter-Defendants, or are associated or in connection with Cross-Claimants, in violation of federal trademark law.

95.     As described herein Pham falsely registered MGO's trademark in his own name after making numerous representations that the trademark would be registered under the name of the company - MGO.  These representations were false.  Pham wrongfully registered MGO's trademark under his personal name rather than under the name of the company. Pham also secretly usurped the business opportunity in MGO for his own benefit, thereby gaining a financial benefit for himself to the prejudice of MGO and Mak.

96.     Pham has made false representations, false descriptions, and false designations of Counter-Claimants' goods and services as described herein in violation of 15 U.S.C. Section 1125(a).

97.     Pham has used MGO domains with a bad faith intent to profit from MGO's trademark, and such domains are confusingly similar to MGO's trademark in violation of 15 U.S.C. Section 1125(d).

98.     Counter-Defendants' fraudulent activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public, and additional injury to Plaintiffs' goodwill and reputation as

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

symbolized by the MGO trademarks, for which Counter-Claimants have no adequate remedy at law.

99.     Counter-Defendants' fraudulent activities demonstrate an intentional willful, and malicious intent to trade on the goodwill associated with MGO's federally registered trademark to Counter-Claimants' great and irreparable injury.

100.    Counter-Defendants' have caused and are likely to continue causing substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Counter-Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. Sections 1125(a), 1125(d), 1116, and 1117.

## TENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF CAL. BUS. & PROF. CODE §17200

**(Counter-Claimants against All Counter-Defendants)**

101.    Counter-Claimants re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

102.    Pham's acts and conduct, as alleged above, constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200. Cross-Defendants have engaged in unlawful, unfair, or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code § 17200.

103.    Pham made a promise to Mak that they would share equal ownership interest in MGO and that MGO's trademark would be registered under the name of the company. These representations were false. Pham wrongfully excluded Mak as a rightful owner of MGO, using the confidential information Mak provided for the development of MGO for his own benefit. Pham also wrongfully registered MGO's trademark under his personal name rather than under the name of the company. Pham also secretly usurped the business opportunity in MGO for his own benefit, thereby gaining a financial benefit for himself to the prejudice of Mak. Pham failed to disclose

- 28 -

at any time throughout the many years of MGO's operation that he did not intend share equal ownership interest in MGO.

104.   On information and belief, Pham performed the acts alleged herein intentionally, for the purpose of injuring Mak. The acts alleged herein continue to this day and present a threat to Mak, the general public, the trade and consumers.

105.   As a result of Pham's wrongful acts, Mak has suffered and will continue to suffer loss of income, profits, and valuable business opportunities and if not preliminarily and permanently enjoined, Pham will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of his wrongful acts.

106.   Pursuant to Cal. Bus. & Prof. Code § 17200, Mak seeks an order of this Court preliminarily and permanently enjoining Pham from continuing to engage in the unlawful, unfair, or fraudulent acts or practices set forth herein, as well as restitution or disgorgement of any monies received by Pham through such acts.

## ELEVENTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY
### (Counter-Claimants against All Counter-Defendants)

107.   Counter-Claimant re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

108.   Pham and Mak, as members of a limited liability company, owe a duty of loyalty, good faith and fair dealing to one another.

109.   Pham knowingly acted against Mak's interests.

110.   Pham made a promise to Mak that they would share equal ownership interest in MGO and that MGO's trademark would be registered under the name of the company.  These representations were false.

111.   Pham breached his duty of loyalty and good faith by, among other things, wrongfully excluding Mak as a rightful owner of MGO, using the confidential information Mak provided for the development of MGO for his own benefit, wrongfully

registering MGO's trademark under his personal name.

112.   Pham breached this duty by secretly usurping the business opportunity in MGO for his own benefit, thereby gaining a financial benefit for himself to the prejudice of Mak.  Pham failed to disclose at any time throughout the many years of MGO's operation that he did not intend share equal ownership interest in MGO.

113.   Mak did not give informed consent to Pham's conduct.

114.   As a direct and proximate result of Counter-Defendant's wrongful conduct, Mak has suffered damages in an amount to be proven at trial

115.   Pham's conduct as described herein was done with a conscious disregard of the rights of Mak, with the intent to vex, annoy, and/or harass Mak and to unjustly profit from the use of Mak's ideas.  Such conduct was unauthorized and constitutes oppression, fraud, and/or malice under California Civil Code §3294, entitling Mak to an award of punitive damages in an amount appropriate to punish or set an example of Pham in an amount to be determined at trial.

### TWELFTH CAUSE OF ACTION

### ACCOUNTING

### (Counter-Claimants against All Counter-Defendants)

116.   Counter-Claimants re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

117.   By virtue of the relationship between the respective parties as alleged herein, MGO and Mak is entitled to a full and complete accounting from Counter-Defendants.

118.   Mak has never received a complete or detailed accounting from Counter-Defendants as to where and how company funds and revenues have been spent, despite her requests for them.  The sole means of ascertaining such information and documentation are within the control of Pham.

119.   Mak cannot determine the amount of money due to her without a full and complete accounting from Counter-Defendants.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

120.    Mak has made demand for such an accounting on repeated occasions. Pham has continued to refuse to render an accounting to Mak.

121.    MGO and Mak therefore demand a full and complete accounting.

## THIRTEENTH CAUSE OF ACTION

## DECLARATORY RELIEF

### (Counter-Claimants against All Counter-Defendants)

122.    Counter-Claimant re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

123.    Van Pham wrongfully claims that Pham is the sole owner of MGO.  Van Pham also wrongfully claims that Mak's use of the MGO trademark constitutes trademark infringement.

124.    An actual, present and justiciable controversy has arisen between Counter-Defendants and Counter-Claimants concerning (1) Mak's ownership interest in MGO and (2) MGO and Mak's right to use MGO's trademark, which Van Pham wrongfully misappropriated for himself.

125.    Counter-Claimant seeks declaratory judgment from this Court (1) that she shares equal ownership interest in MGO with Pham and (2) that MGO's use, and her use, of MGO's trademark does not constitute trademark infringement.

## FOURTEENTH CAUSE OF ACTION

## COPYRIGHT INFRINGMENT

### (MAK against All Counter-Defendants)

126.    Counter-Claimant re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

127.    The MGO trademark logo is an original design created solely by Mak and contains material wholly original to Mak.

128.    Mak is the author and sole, exclusive owner of all rights, title, and interest in and to the copyright of the Logo.

129.    Pham infringed Mak's copyright by knowingly and willfully using the

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

MGO logo design without the consent or authorization of Mak.

130.   As a result of the foregoing, Mak has been damaged in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Counter-Claimants pray for judgment against Counter-Defendants, and each of them, as follows:

1.   For general damages in an amount according to proof at trial, plus pre-judgment interest thereon;

2.   For costs of suit incurred herein;

3.   For exemplary and punitive damages on Counter-Claimant's Third, Fifth, Eighth, and Eleventh Causes of Action against Counter-Defendants named therein, in addition to actual damages;

4.   For the imposition of a constructive trust, in accordance with California Civil Code §§2223-2224, on all royalties received by MGO for the benefit of Counter-Claimant's interests.

5.   For such other and further legal and equitable relief as the Court deems just and proper.


Respectfully submitted,

DATED: February 16, 2018                    KRAMER HOLCOMB SHEIK LLP


By: /s/ John L. Holcomb, Jr.
JOHN L. HOLCOMB, JR.
SHAHROKH SHEIK

*Attorneys for Defendants and Counter-Claimants*

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM

## __DEMAND FOR JURY TRIAL__

Counter-Claimants hereby demand a trial by jury.


Respectfully submitted,

DATED: February 16, 2018                    KRAMER HOLCOMB SHEIK LLP


By: /s/ John L. Holcomb, Jr.
    JOHN L. HOLCOMB, JR.
    SHAHROKH SHEIK

    *Attorneys for Defendants and*
    *Counter-Claimants*

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTER-CLAIM