UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                               Date: June 27, 2018

Title: MISS GLOBAL ORGANIZATION LLC ET AL V. MAK ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS [36]

Before the Court is Plaintiff and Counterdefendant Van Pham's ("Pham") Motion to Dismiss Counterclaims ("Motion") (Dkt. 36). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court GRANTS Pham's Motion.

**I.   Background**

    **A.   Facts**

This case arises from a dispute over Miss Global Organization ("MGO"), which is the organizer of Miss Global, an annual beauty pageant. *See* Complaint (Dkt. 1) ¶ 13. Pham and MGO bring suit against Defendants Sokhuntea Mak ("Mak") and Scott Ware ("Ware") (collectively "Defendants"). *See* Compl. at 1. Counterclaimant Mak and MGO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                                               Date: June 27, 2018
                                                                                                                         Page 2

(collectively, "Counterclaimants") bring counterclaims against Pham. *See* Counterclaim ("CC") (Dkt. 23).[1] The Court adopts the facts set out in the Counterclaim.

Pham and Mak are the co-founders of MGO. CC ¶ 14. Mak has had a long-standing career in the entertainment industry as a consultant, red carpet host, model, and actress. *Id.* ¶ 9. Mak alleges that around April 2011, Pham requested to meet with Mak and asked about Mak's connections in the entertainment industry. *Id.* ¶ 10. Mak further alleges that Pham and Mak began discussing business ideas in the entertainment field, so that Pham could capitalize on Mak's established connections in the entertainment industry. *Id.* In September 2011, Mak suggested that they create a company that arranges and conducts beauty pageants. *Id.* Pham and Mak allegedly entered into an oral agreement ("2011 Verbal Agreement") to be co-founders and share an equal 50-50 ownership interest. *Id.* ¶¶ 10, 28. Pham and Mak agreed that Mak would provide the vision for MGO, as well as establish and oversee the company's operations and procedures. *Id.* Pham would handle MGO's financial operations. *Id.* ¶ 28. Counterclaimants allege that Mak came up with the company name of Miss Global Organization. *Id.* Pham was instructed to purchase the domain name on MGO's behalf, along with five other domain names related to MGO. *Id.* ¶ 13.

Counterclaimants allege that since the company's inception, Mak has expended significant time and recourses developing MGO. *Id.*¶ 17. Mak formulated all of the ideas behind the development of MGO including, but not limited to, the company name, the company trademark, the rules and regulations, business model, judging criteria, logo designs, slogans, and company mission. *Id.*

On March 10, 2012, Pham registered MGO with the California Secretary of State as a limited liability company. *Id.* ¶ 17. Pham assured Mak that her name was on MGO's business registration filing as an owner of the company. *Id.* ¶ 18. However, Counterclaimants allege that this was not true, and that it was not until September 2017 that Mak discovered that Pham had failed to list her as an owner of MGO in the company's business registration filing. *Id.* On July 2012, Pham opened a Bank of America business account for MGO without adding Mak to the account, despite the fact that Pham and Mak had agreed that they would both be signers on the account for MGO. *Id.* ¶ 19. Pham assured Mak that he would add her to the account, but Pham failed to add Mak as a signer on MGO's bank account. *Id.*

---

[1] Presumably because both Pham and Mak claim ownership of MGO, they both name it as a co-party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                                             Date: June 27, 2018
                                                                                                                       Page 3

On October 2, 2012, Pham registered MGO's trademark, Registration No. 4,219,443 under his personal name. *Id.* ¶ 20. Mak alleges that this was despite the fact that Mak and Pham had specifically agreed that MGO's trademark would be registered under the company's name. *Id.* Pham assured Mak that the trademark was registered under the company's name. *Id.* Moreover, Mak alleges that it was not until September 2017 that Mak discovered that Pham had registered MGO's trademark under his personal name rather than under the company name. *Id.* Moreover, the trademark is allegedly "completely based on Mak's design." *Id.*

Counterclaimants allege that throughout the years, MGO continued to grow and prosper because of Mak's efforts. *Id.* ¶ 23. Counterclaimants further allege that Pham significantly mismanaged MGO's business operations. *Id.* Over time, Pham's relationship with MGO staff and contestants became increasingly strained because of his hostile attitude and lack of leadership. *Id.* Subsequently, Mak began to take more control of MGO's operations. *Id.* ¶ 24.

### B. Procedural History

On February 16, 2018, Mak filed an Amended Answer, and Mak and MGO filed the Counterclaim, bringing fourteen counterclaims against Pham:

(1) breach of oral contract;
(2) promissory estoppel;
(3) fraud (deceit per California Civil Code §1710, actual fraud per California Civil Code §1572, and constructive fraud per California Civil Code § 1573);
(4) breach of implied contract;
(5) breach of confidence;
(6) intentional interference with prospective economic relations;
(7) defamation;
(8) conversion;
(9) Federal unfair competition, in violation of 15 U.S.C. § 1125;
(10) unfair business practices, in violation of California's Unfair Competition Law ("UCL"), California Business & Professional Code §17200;
(11) breach of fiduciary duty;
(12) accounting;
(13) declaratory relief; and
(14) copyright infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)             Date: June 27, 2018
                                                                                                                                                          Page 4

CC ¶¶ 27–130.

On May 18, 2018, Pham filed the instant Motion, seeking to dismiss all of the counterclaims on that basis that each counterclaim fails to state a claim upon which relief can be granted and/or is time barred by the statute of limitations. *See generally* Mot. Pham also filed a Request for Judicial Notice ("RJN") (Dkt. 37). On May 29, 2018, Defendants filed their Opposition ("Opp'n") (Dkt. 41). On June 4, 2018, Pham replied ("Reply") (Dkt. 43).

**II.    Request for Judicial Notice**

Pham requests that the Court take judicial notice of five documents. *See* RJN at 2. Pursuant to Federal Rule of Evidence 201, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, a court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the Pacer system via the internet." *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002). The Court may also take judicial notice of documents available on a government agency's website. *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013). "[D]ocuments on which allegations in the complaint necessarily rely, even if not expressly referenced in the complaint" are subject to judicial notice, "provided that the authenticity of those documents is not in dispute." *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015) (emphasis in original).

Pham requests that the Court take judicial notice of the following five documents, filed with the Court as Exhibits 1 through 5 to Pham's Request for Judicial Notice:

1. The Unites States Patent and Trademark Office, Certificate of Trademark Registration for the mark "MISS GLOBAL" in the name of Van Pham; Registration No. 4,140,556 (Registration Date: May 8, 2012);
2. A screenshot of the Unites States Patent and Trademark Office Website for the Miss Global mark;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)          Date: June 27, 2018
         Page 5

3. The Unites States Patent and Trademark Office, Certificate of Trademark Registration for the mark "G MISS GLOBAL" in the name of Van Pham; Registration No. 4,219,443 (Registration Date: October 2, 2012);
4. A screenshot of the Unites States Patent and Trademark Office Website for the G Miss Global mark; and
5. The Statement of Information for Miss Global Organization, LLC filed with the California Secretary of State on May 10, 2012, identifying Van M. Pham as the sole manager.

*See* RJN at 2.

Exhibits 1 through 4 of RJN are available on the United States Patent and Trademark Office Website, and no party objects to their authenticity. *See* RJN Ex. 1 ("United States Patent and Trademark Office Certificate of Trademark Registration for the mark of "Miss Global" in the name of Van Pham") and Ex. 2 ("Unites States Patent and Trademark Office Website of the Miss Global mark."). Exhibit 5 to RJN describes a Statement of Information for the Miss Global Organization, and is available on the California Secretary of State Website. *See* RJN Ex. 5 ("Statement of Information for Miss Global Organization, LLC filed with the California Secretary of State."). Neither party objects to the authenticity of those documents, as these documents can be found on official government websites.[2] Thus, the documents are the proper subject of judicial notice. *See* Fed. R. Evid. 201; *see also Jeffrey M. Goldberg & Assocs., Ltd. v. Holstein*, 299 B.R. 211 (Bankr. N.D. Ill. Sept. 24, 2003) (finding that a federal court can take judicial notice of information on official government websites).

Accordingly, the Court takes judicial notice of Exhibits 1 through 5 to Pham's request for Judicial Notice.

### III. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order

---

[2] Counterclaimants dispute the truth of some of the information contained in Exhibits 1 through 5 to Pham's RJN, specifically the fact of whose name the trademarks should be really registered to and the conclusions that may be drawn from them. *See generally* Opp'n. However, Pham does not request that the Court take judicial notice of the truth of the facts asserted in those exhibits, and the Court does not do so.

Case 8:17-cv-02223-DOC-KES Document 49 Filed 06/27/18 Page 6 of 15 Page ID #:370

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                        Date: June 27, 2018
Page 6

to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

      In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

      In addition, Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)). However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (explaining that Rule 9(b)'s heightened pleading standard may be relaxed when the allegations of fraud relate to matters particularly within the opposing party's knowledge, such that a plaintiff cannot be expected to have personal knowledge).

## IV.   Discussion

      Pham moves to dismiss all fourteen of the counterclaims on that basis that each counterclaim fails to state a claim upon which relief can be granted and/or is time barred by the statute of limitations. *See* Mot. at 1. Thirteen of the counterclaims center upon three alleged breaches of a purported oral ownership agreement from 2011 ("2011 Verbal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                                                Date: June 27, 2018
                                                                                                                                             Page 7

Agreement"). *Id.* The fourteenth counterclaim deals with alleged copyright infringement. *Id.* The Court will address each counterclaim in turn.

      **A.**       **Breach of Oral Contract**

            **1.**       **Statute of Limitations**

In their first counterclaim, Counterclaimants allege that Pham breached the 2011 Verbal Agreement, entered into by both parties in September 2011, by attempting to repudiate the agreement's existence and wrongfully attempting to exclude Mak as a rightful owner of MGO. CC ¶ 30. Specifically, Counterclaimants allege that Pham breached the 2011 Verbal Agreement by: (1) on March 10, 2012, failing to list Mak as an owner of MGO in the company's business registration filing; (2) on July 2012, failing to add Mak as a signer on MGO's bank account; (3) on October 2, 2012, registering MGO's trademark under his personal name rather than under the company name. *See generally* CC. Counterclaimants further allege that Mak performed all of her obligations under the contract and that Mak breached the implied covenant of good faith and fair dealing by unfairly preventing Mak from receiving all of the benefits she would be entitled to receive under the contract. CC ¶ 31.

In the instant Motion, Pham argues that the first counterclaim for breach of oral contract should be dismissed because it is time barred by the applicable statute of limitations. Opp'n at 1. Specifically, Pham argues that the relevant statute of limitations for this claim is two years. *Id.* Pham argues that the statute of limitation began to run more than five years ago with the discovery of the three alleged breaches of the 2011 Verbal Agreement in 2012. *Id.* However, Counterclaimants filed their counterclaim on February 16, 2018, more than five years later. *Id.* at 6.

In their Opposition, Counterclaimants argue that the statute of limitations has not run on their counterclaim because they have satisfied the delayed discovery exception to the statute of limitations. Opp'n at 7. Counterclaimants argue that the delayed discovery exception tolls the statute of limitations to September 2017, when Mak discovered or should have discovered Pham's wrongful acts. *Id.* at 11. Therefore, since Counterclaimants filed their breach of contract counterclaim on February 16, 2018, Counterclaimants argue that the counterclaim is not time barred by the statute of limitations. *Id.*

            **a.**       **Delayed Discovery Rule**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)          Date: June 27, 2018
                                                                                                Page 8

"In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Rosal*, 671 F. Supp. 2d at 1131 (quoting *Fox*, 35 Cal. 4th at 668); *see also Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1071 (C.D. Cal. 2010). When the court assesses the sufficiency of the plaintiff's allegations of delayed discovery, the "plaintiff bears the burden to show diligence; conclusory allegations will not withstand a motion to dismiss." *Rosal*, 671 F. Supp. 2d at 1131. "The question when accrual occurred under the delayed discovery rule is generally 'a question of fact unless the evidence can support only one reasonable conclusion." *Frere v. Medtronic, Inc.*, Case No. EDCV 15-02338-BRO (DTBx), 2016 WL 1533524, at *11 (C.D. Cal. April 6, 2016) (citing *Ovando v. County of Los Angeles*, 159 Cal. App. 4th 42, 61 (2008) (citations omitted)).

If the delayed discovery rule applies, the statute of limitations is tolled until "the plaintiff discovers, or has reason to discover, the cause of action." *Fox*, 35 Cal. 4th at 807, 2 (citations omitted). Plaintiffs have reason to discover a cause of action when they have "reason at least to suspect a factual basis for its elements." *Norgart v. Upjohn,* 21 Cal. 4th 383, 393 (1999) (citation omitted).

"The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005); *see Rosal*, 671 F. Supp. 2d at 1131 ("Plaintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put [them] on inquiry or if they have the opportunity to obtain knowledge from sources open to [their] investigation.") (citing *Fox*, 35 Cal. 4th at 807–08) (citation and internal quotation marks omitted).

Here, the only allegations in the Counterclaim related to discovery are that: (1) "It was not until September 2017 that Mak discovered that Pham had failed to list her as an owner of MGO in the company's business registration filing"; and (2) "It was not until September 2017 that Mak discovered that Pham had registered MGO's trademark under his personal name rather than under the company name." *See* CC ¶¶ 18, 20.

Therefore, Counterclaimants make conclusory threadbare statements and fails to adequately plead facts sufficient to show both the time and manner of her discovery of these facts and circumstances. *See Rosal*, 671 F. Supp. 2d at 1131.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-2223-DOC (KESx)                                         Date: June 27, 2018
                                                                              Page 9

     Regarding the first prong of the discovery rule, Counterclaimants do not specifically plead the time and manner of discovery. Rather, Mak broadly argues that she was not on notice of any facts or information that would have required her to inquire into whether Pham had fulfilled his contractual duties until 2017. *See generally* CC. These allegations are insufficient to satisfy the discovery rule, seeing as they leave the Court guessing as to the time when Counterclaimants learned of the alleged violation and how, and let alone a plausible explanation as to why Mak did not discover the information sooner. *See Herremans v. BMW of N. Am., LLC*, No. CV 14-02363 MMM (PJWx), 2014 WL 5017843, at *5 (C.D. Cal. Oct. 3, 2014) ("Her complaint, however contains *no specific allegations* concerning how or when she first discovered the defect."). Therefore, Mak fails to satisfy the first prong of the discovery rule.

     Moreover, Maks' allegations concerning reasonable diligence are factually insufficient. Again, Mak simply asserts that she "was not on notice of any facts or information that would have required her to inquire into whether Pham had fulfilled his contractual duties until 2017." Opp'n at 10. Mak does not allege the specific efforts she made to investigate the cause of her injury during the statute of limitations period, much less that she conducted "a reasonable investigation of *all* potential causes of [her] injury." *See Fox*, 35 Cal. 4th at 808 (emphasis added).

     Instead Mak alleges she did not discover the cause of her injuries earlier, in part, because: "Pham assured Mak that her name was on MGO's business registration filing as an owner of the company and Pham assured Mak that the trademark was registered under the company's name. CC ¶¶ 18, 20. In short, Mak's conclusory allegation regarding reasonable diligence is insufficient.

     Moreover, under these circumstances, Mak argues that she was not on notice of any facts or information that would have given her a reason to check the public records to see if Pham had done specifically what he had assured her he would do. Opp'n at 10. However, Maks allegations are contradicted, however, by multiple later allegations. Specifically, Mak alleges the following:

> Pham significantly mismanaged the business operations of MGO. Pham had engaged in numerous acts of inappropriate and wrongful conduct to the detriment of MGO and Mak such as mismanaging MGO's finances and exploiting and disparaging MGO contestants. Subsequently, Mak began to take more control of MGO's operations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                                                            Date: June 27, 2018
                                                                                                                                     Page 10

CC ¶ 24. A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* at 679 (stating that determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense.). Here, common sense dictates that Mak should have had actual or presumptive knowledge of facts sufficient to put her on inquiry, and Mak fails to allege facts to the contrary. Mak claims that she was instrumental to MGO from its inception in 2011 and to MGO's accompanying success. CC ¶¶ 21–23. Yet, despite Pham's mismanagement of MGO's finances, MGO allegedly continued to grow and prosper because of Mak's efforts. CC ¶¶ 21–25. Specifically, Mak fails to state facts to allege that despite her proactive involvement on a consistent basis of MGO, Mak had no access or control over MGO's business operations—enough to not provide her with an adequate notice of the alleged breaches, some of which were publicly discoverable in publicly-filed documents on government websites. Furthermore, Mak fails to address why despite her active and instrumental involvement, she never received any compensation from her equal ownership of MGO for over seven years since the company's inception in 2011. *See generally* CC. Ultimately, Mak fails to plead sufficient facts to demonstrate that she had no means from which to discover Pham's three breaches of the 2011 Verbal Agreement.

       Moreover, given Mak's threadbare allegations and the judicially noticed materials, Mak cannot avail herself of the delayed discovery rule. As the California Supreme Court explained, "plaintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put [them] on inquiry or if they have the opportunity to obtain knowledge from sources open to [their] investigation." *Fox*, 35 Cal. 4th at 808 (citation and internal quotation marks omitted). Here, the Mak had ample opportunity to obtain knowledge regarding the alleged cause of her injury. Specifically, the United States Patent and Trademark Office Website Certificate of Trademark Registration for the mark of "Miss Global" in the name of Van Pham and a copy of a Statement of Information for Miss Global Organization filed with the Secretary of State identifying Pham as the sole manager. *See* RJN (Ex. 1 and Ex. 5). Thus, Mak fails to plead additional facts suggesting she was reasonably diligent in investigating the cause of her injury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 17-2223-DOC (KESx) | Date: June 27, 2018 |
| | Page 11 |

### b.      Fraudulent Concealment

Counterclaimants also argue that this claim is not time barred by the statute of limitation because the doctrine of fraudulent concealment postpones the accrual of their claims. Opp'n at 8. For the doctrine of fraudulent concealment to apply, it must be plead with particularity under Federal Rule of Civil Procedure 9(b). *Yumul v. Smart Balance, Inc.*, 733 F.Supp.2d 1117, 1131 (C.D. Cal. 2010). To establish fraudulent concealment, Counterclaimants must show: "(1) when he fraud was discovered; (2) the circumstances under which it was discovered; (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *See id.*; *see also Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1106 (9th Cir. 2003) (stating that averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged).

In their Opposition, Counterclaimants allege that Pham hindered Mak's discovery of his wrongful actions through misrepresentations such as fraudulently misrepresenting to Mak that Mak's name was on MGO's business registration filing as an owner of the company and that the trademark was registered under the company's name. Opp'n at 8. Pham argues that Counterclaimants fail to satisfy the elements necessary for pleading a theory of fraudulent concealment because Counterclaimants fail to plead the circumstances under which the purported fraud was discovered and that that the plaintiff was not at fault for failing to discover it. Reply at 4.

Counterclaimants assert it "was not until September 2017 that Mak discovered that Pham had failed to list her an owner of MGO in the company's business registration filing." CC ¶ ¶ 18, 20. Counterclaimants further assert that Mak was not on any notice of any facts or information that would have given her a reason to check the public records to see if Pham had done specifically what he had assured her he would do. Opp'n at 11.

Plaintiffs' conclusory statement that it "was not until September 2017 that Mak discovered that Pham had failed to list her an owner of MGO in the company's business registration filing" falls short of meeting the heightened pleading requirement. *See Yumul*, 733 F.Supp.2d 1117; *see also* Fed. R. Civ. P. 9(b). Plaintiffs do not plead facts demonstrating a plausible theory of fraudulent concealment such as the time and manner under which the purported fraud was discovered, and any facts. Furthermore, Counterclaimants do not adequately plead sufficient facts to allow the Court to determine why Mak was unable to discover the existence of her causes of actions, or to explain why Mak did not undertake such an investigation, considering there were documents in the

Case 8:17-cv-02223-DOC-KES   Document 49   Filed 06/27/18   Page 12 of 15   Page ID #:376

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                                                          Date: June 27, 2018
                                                                                                                    Page 12

public record. *See* RJN Exs. 1, 2. Accordingly, Counterclaimants have not plausibly alleged the doctrine of fraudulent concealment.

### c. Continuing Breaches

Moreover, Counterclaimants argue that this claim is not time barred by the statute of limitations because it is subject to the continuing violations doctrine. Opp'n at 11. Specifically, Counterclaimants argues that they allege that "Counter-Defendant breached the Contract by attempting to repudiate its existence and wrongfully attempting to exclude Mak as a rightful owner of MGO." *Id.* (quoting CC ¶ 30). Next, Counterclaimants argue that "[t]hese wrongful actions occurred as early as 2017 when Pham shut Mak out of MGO and claimed she was not an owner" but this argument does not appear in the Counterclaim. *See id*; *see generally* CC. Counterclaimants also cite *Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773, 786 (1979), which held that "when a civil conspiracy is properly alleged and proved, the statute of limitations does not begin to run on any part of a plaintiff's claims until the 'last overt act' pursuant to the conspiracy has been completed." Opp'n at 11 (citing *Wyatt*, 24 Cal. 3d 773, 786). However, Counterclaimants fail to provide a clear or plausible argument as to why or how the doctrine of continuing violations applies here, based on specific allegations in the Counterclaim, such that the claims are not time barred by the statute of limitations. *See Traverso v. Dept. of Transp.*, 87 Cal. App. 4th 1142, 1151 (2001) ("Plaintiffs cannot evade the bar of the statute by skipping lightly over the first breach of duty and claiming to found their action on some subsequent conduct in line with it. If this could be done . . . the operation of the statute of limitations could be entirely defeated.").

Because Counterclaimants' delayed discovery, fraudulent concealment, and continuing breaches theories to overcome the statute of limitations are not plausible, it would be futile to grant leave to amend.

Accordingly, the Court DISMISSES WITH PREJUDICE Counterclaimants' first counterclaim for breach of oral contract.[3]

---

[3] Pham also argues that Counterclaimants' breach of contract counterclaim should be dismissed for failure to state a claim, but because Counterclaimants have not plausibly alleged that this counterclaim is within the statute of limitations, the Court need not reach that argument. *See* Mot. at 9–10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                                Date: June 27, 2018
                                                                                                                           Page 13

### B.    Counterclaims Two through Thirteen

Pham further claims that Counterclaimants second through thirteen Counterclaims are time barred because the statute of limitations for these counterclaims began to run in 2012, when Mak knew or should have known of Pham's behavior more than five years ago. Mot. at 1. Counterclaimants argue that their second through thirteen counterclaims are not time barred because the delayed discovery rule is applicable to each of their counterclaims. *See generally* CC.

### 1.   Statute of Limitations

The parties due not dispute that absent the application of the delayed discovery rule (or some other exception), the statute of limitations also bars Counterclaimants' second through thirteenth claims, which are based on events allege to have occurred in 2012.[4] *See* Opp'n at 6; *see also* Reply at 1. Counterclaimants' second through thirteenth claims are: (2) promissory estoppel; (3) Fraud; (4) Breach of Implied Contract; (5) Breach of Confidence; (6) Intentional Interference with Prospective Economic Relations; (7) Defamation; (8) Conversion; (9) Violation of 15 U.S.C. § 1125; (10) Violation of Cal. Bus. & Prof. Code § 17200; (11) Breach of Fiduciary Duty; (12) Accounting; (13) Declaratory Relief. *See generally* Mot.; CC.

For the same reasons discussed above, Counterclaimants failed to plausibly invoke the delayed discovery rule related to the alleged breaches of the 2011 Verbal Agreement, the doctrine of fraudulent concealment, or the continuing breaches doctrine.

Accordingly, the Court DISMISSES WITH PREJUDICE Counterclaimants' counterclaims two through thirteen.[5]

### C.    Copyright Infringement

In addition, as to Counterclaimants' fourteenth counterclaim for copyright infringement, Pham argues that Counterclaimants have not alleged that the "Miss Global" logo was registered under her name with the Copyright Office, and thus have failed to state a claim. Mot. at 24. Pham further argues that Mak does not sufficiently allege actual

---

[4] First, on March 10, 2012, failing to list Mak as an owner of MGO in the company's business registration filing; second, on July 2012, failing to add Mak as a signer on MGO's bank account; third, on October 2, 2012, registering MGO's trademark under his personal name rather than under the company name. *See generally* CC.

[5] Pham also argues that various of these counterclaims should be dismissed for failure to state a claim, but because Counterclaimants have not plausibly alleged that these counterclaims are within the statute of limitations, the Court need not reach those arguments. *See* Mot. at 10–23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                                        Date: June 27, 2018
                                                                                                                       Page 14

copying, and thus fails to allege that there exists a substantial similarity between the subject works. *Id.*

In their Opposition, Counterclaimants argue that the "MGO logo is an original design created solely by Mak and that Mak is the exclusive owner of the rights, title, and interest in and to the copyright of the Logo." Opp'n at 20; *see also* CC ¶ 127. Thus, Counterclaimants argue, Pham infringed Mak's copyright by knowingly and willfully using the MGO logo design without the consent or authorization of Mak. CC ¶ 129. Moreover, Counterclaimants state that if the Court finds Counterclaimants copyright infringement claim defective, Counterclaimants respectfully request leave to amend. Opp'n at 20.

To establish a claim for copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *L.A. Printex Industries, Inc. v. Aeropastale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012), *as amended on denial of reh'g and reh'g on banc*, (June 13, 2012). In addition, a plaintiff can show defendant's infringement was "willful" by establishing that the defendant acted with "knowledge that its conduct constitutes an act of infringement." *Oracle Am., Inc. v. Google Inc.*, 131 F. Supp. 3d 946, 949 (N.D. Cal. 2015).

As to the first element, ownership, Counterclaimants broadly allege that the MGO logo is Mak's original design, created solely by her and that contains material wholly original to her. CC ¶ 127. However, Counterclaimants do not allege that Mak has submitted a copyright application to the Copyright Office, or that a copyright for the MGO logo was actually registered. Thus, Counterclaimants have not sufficiently pleaded facts sufficient to demonstrate that Mak has "ownership of the alleged infringed material." *See L.A. Printex Industries*, 676 F.3d at 846. As to the second element, Counterclaimants fail to allege any facts regarding substantial similarity. Since Mak admittedly fails to allege that Mak registered any work with the Copyright Office, and fails to allege facts supporting substantial similarity, the copyright infringement counterclaim must be dismissed.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Counterclaimants' fourteenth counterclaim for copyright infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)      Date: June 27, 2018

Page 15

## V. Disposition

For the reasons set forth above, the Court GRANTS Pham's Motion to Dismiss Counterclaims. The Court DISMISSES WITH PREJUDICE Counterclaimants' first through thirteenth counterclaims. The Court DISMISSES WITHOUT PREJUDICE Counterclaimants' fourteenth counterclaim for copyright infringement.

Counterclaimants may file an amended Counterclaim, if desired, bringing solely one counterclaim for copyright infringement—based on the fourteenth counterclaim for copyright infringement in the instant Counterclaim, and clearly alleging ownership of a valid copyright and substantial similarity—**on or before July 10, 2018**. No other counterclaims may be brought without prior leave of the Court or the stipulation of the opposing party. *See* Fed. R. Civ. P. 15(a)(2).

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk: djl