**SINGH, SINGH & TRAUBEN, LLP**
**DAL SINGH** (SBN: 261587)
  dsingh@singhtraubenlaw.com
**MICHAEL A. TRAUBEN** (SBN: 277557)
  mtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310.856.9705 | Fax: 888.734.3555

*Attorneys for Plaintiff* MISS GLOBAL ORGANIZATION LLC
and *Plaintiff/Counter-Defendant* VAN PHAM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISS GLOBAL ORGANIZATION, LLC, a California limited liability company and VAN PHAM, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SOKHUNTEA MAK, a/k/a TEA MAK, an individual; SCOTT WARE, an individual, and DOES 1 through 10, <br><br> Defendants. <br>_____<br> MISS GLOBAL ORGANIZATION, LLC, a California limited liability company and SOKHUNTEA MAK, as known as TEA MAK, an individual; <br><br> Counter-Claimants, <br><br> v. <br><br> VAN PHAM, an individual, and DOES 1 through 10, <br><br> Counter-Defendant. | Case No. 8:17-cv-2223 DOC (KESx) <br><br> The Honorable David O. Carter <br> Courtroom 9D <br><br> **PLAINTIFF AND COUNTER-DEFENDANT VAN PHAM'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM FILED BY DEFENDANT / COUNTERCLAIMANT SOKHUNTEA MAK [DE 50] OR, IN THE ALTERNATIVE, TO DISMISS COUNTERCLAIMANT'S REQUEST FOR STATUTORY DAMAGES, PUNITIVE DAMAGES AND ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **Hearing Date:** August 27, 2018 <br> **Hearing Time:** 8:30 a.m. <br> **Location:** Courtroom 9D <br> Santa Ana <br><br> COMPLAINT FILED: December 20, 2017 <br> TRIAL DATE: July 23, 2019 |

1

COUNTER-DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM
CIVIL ACTION NO. 8:17-cv-2223 DOC (KESx)

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  MAK CONCEDES THAT PHAM IS AN OWNER OF MGO AND THAT PHAM CAN LAWFULLY USE THE MGO LOGO ON BEHALF OF AND FOR THE BENEFIT OF THE COMPANY ................................................................. 2

III. MAK'S OPPOSITION AGAIN RELIES UPON WHOLLY CONCLUSORY LABELS AND FORMULAIC RECITATIONS ...................................................... 4

IV.  MAK'S OPPOSITION CONFIRMS THAT THE ENTIRETY OF MAK'S "COPYRIGHT INFRINGEMENT" CLAIM IS CATEGORICALLY BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS ..................................... 4

V.   MAK NEITHER REBUTS NOR ADDRESSES THE ARGUMENT THAT MAK IS PROHIBITED FROM RECOVERING STATUTORY DAMAGES OR ATTORNEY'S FEES ............................................................................................. 8

VI.  MAK SHOULD NOT BE GRANTED LEAVE TO AMEND ............................. 9

VII. CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

**U.S. Supreme Court**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .................................................................. 4

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) .................................................. 4

**U.S. Circuit Court**

Aalmuhammed v. Lee, 202 F.3d 1227 (9th Cir. 2000) ........................................... 5

Derek Andrew, Inc. v. Poof Apparel Corp. 528 F.3d 696 (9th Cir. 2008) ............ 8-9

Jenkins v. Cnty. of Riverside, 398 F.3d 1093 (9th Cir. 2005) ................................ 2

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) ..................................................... 10

Seven Arts Films Entm't Ltd. v. Content Media Corp. PLC
    733 F.3d 1251 (9th Cir. 2013) ................................................................. 1, 2, 5, 6

Zuill v. Shanahan, 80 F.3d 1366 (9th Cir. 1996) ............................................... 5, 6

**U.S. District Court**

Foster v. City of Fresno, 392 F.Supp.2d 1140 (E.D. Cal. 2005) ............................ 3

In re Online DVD Rental Antitrust Litig., No. 09-2029
    2011 WL 5883772 (N.D. Cal. Nov. 23, 2011) ...................................................... 3

Krisel v. Contempo Homes, Inc., No. EDCV 06-00507 SGL
    2006 WL 5668181 (C.D. Cal., Sept. 27, 2006) .................................................... 9

Ledesma v. Del Records, Inc., No. 215CV4266ODWGJSX
    2015 WL 8023002 (C.D. Cal., Dec. 4, 2015) ....................................................... 8

Martin v. Walt Disney Internet Grp., No. 09CV1601-MMA (POR)
    2010 WL 2634695 (S.D. Cal., June 30, 2010) ..................................................... 8

ii of iii
TABLE OF CONTENTS AND AUTHORITIES

Qureshi v. Countrywide Home Loans, Inc., No. 09-4198
 2010 WL 841669 (N.D. Cal. March 10, 2010) ..................................................... 2

Ramirez v. Ghilotti Bros. Inc., 941 F. Supp. 2d 1197 (N.D. Cal. 2013) .......................... 2

Saregama India Ltd. v. Young, No. CV 0219856 RJK
 2003 WL 25769784 (C.D. Cal., March 11, 2003).................................................. 9

Scott v. City of Phoenix, No. CV-09-0875
 2011 WL 3159166 (D.Ariz. July 26, 2011)........................................................... 3

Smith & Hawken, Ltd. v. Gardenance, Inc., No. C04-1664 SBA
 2004 WL 2496163 (N.D. Cal., Nov. 5, 2004) ....................................................... 9

Sportscare of Am., P.C. v. Multiplan, Inc., No. 2:10-4414
 2011 WL 589955 (D.N.J. Feb. 10, 2011)........................................................... 2-3

Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.
 No. CV 10-6972 CAS (PJWx), 2011 WL 281020 (C.D. Cal. Jan. 26, 2011)........ 4

White v. Warner-Tamerlane Publ'g Corp., No. CV 16-5831 PSG
 2017 WL 4685542 (C.D. Cal. May 22, 2017)........................................... 5, 6, 7, 8

**CALIFORNIA CASES**

Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 808 (2005)....................................... 7

**CALIFORNIA CODES**

17 U.S.C. § 411 ........................................................................................................ 10

17 U.S.C. § 412 ................................................................................................... 2, 8, 9

17 U.S.C. § 504 .......................................................................................................... 8

17 U.S.C. § 507(b) ..................................................................................................... 5

iii of iii
TABLE OF CONTENTS AND AUTHORITIES

## I. INTRODUCTION

Counterclaimant Mak's Opposition to Pham's Motion to Dismiss the First Amended Counterclaim for Copyright Infringement (the "Opposition") fails to provide any basis for maintaining Mak's copyright infringement claim. Mak's Amended Counterclaim for Copyright Infringement (the "Amended Copyright Claim") should be dismissed with prejudice.

First, Mak does not address or dispute that because Pham remains an owner of Miss Global Organization, LLC ("MGO") – a fact Mak herself alleges – his use of the MGO logo to promote MGO cannot be copyright infringement. Instead, Mak formulaically repeats the mantra that she owns a copyright, and that Pham used it. Use is not infringement; it has to be an unauthorized use. Mak does not address or oppose the argument that Pham, as an owner of MGO, cannot infringe his own company's logo by using that logo to promote his company. Mak also fails to even hypothesize in the abstract on how Pham could use MGO's logo other than in connection with MGO's business. Accordingly, when viewed in the context of Mak's own allegations of "ownership", Mak's Amended Copyright Claim fails.

Second, Mak's Opposition confirms that her Amended Copyright Claim is time barred as a matter of law. Mak claims in the Opposition that the trademark Pham obtained on October 2, 2012 for the MGO logo was registered after her copyright was created, and hence is proof of infringement. [DE 53 at 8]. The MGO logo that Mak claims as her "copyright", and which Pham owns as a trademark, are the exact same logo design. [DE 50 at 10; DE 52-3 at 2]. As such, the gravamen of Mak's Amended Copyright Claim is an ownership dispute, specifically, who among these disputing parties is entitled to own and use the same logo, whether as a copyright, trademark, or otherwise.

The Ninth Circuit has made clear that, when claims of both infringement and ownership are alleged, the infringement is timely only if the corresponding ownership claim is also timely. *Seven Arts Films Entm't Ltd. v. Content Media Corp. PLC*, 733

SINGH, SINGH & TRAUBEN, LLP

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
CIVIL ACTION NO. 8:17-CV-2223 DOC (KESx) - 1

F.3d 1251, 1258 (9th Cir. 2013) ("Seven Arts"). Pham disputes Mak's claim of "ownership" in MGO's logo, and Mak was clearly on notice that Pham disputed Mak's claim of "ownership" in October 2012 when Pham registered the MGO logo as a design trademark with the USPTO. Based on Mak's own allegations in her Amended Copyright Claim, Pham expressly repudiated Mak's "ownership" of the copyright in October 2012. Consequently, the three-year statute of limitations expired in October 2015, several years before Mak brought this Counterclaim.

Accordingly, Mak's Amended Copyright Claim must be dismissed as a matter of law. *Seven Arts*, 733 F.3d at 1258. The Court has already found the delayed discovery rule does not apply to Mak based on her lack of diligence in ascertaining clearly discoverable facts that were easily accessible to her – such as the fact that her "co-owner" Pham trademarked their company's logo in his own name. [DE 49 at 8-12].

Finally, Mak does not rebut or even addresses Pham's argument that under 17 U.S.C. §412(d), Mak is prohibited from recovering statutory damages, "punitive damages" or attorney's fees.

Mak's Amended Copyright Claim should be dismissed in its entirety without leave to amend.

## II. MAK CONCEDES THAT PHAM IS AN OWNER OF MGO AND THAT PHAM CAN LAWFULLY USE THE MGO LOGO ON BEHALF OF AND FOR THE BENEFIT OF THE COMPANY

Mak does not address Pham's argument that Mak's claim for copyright infringement is in direct conflict with Mak's allegation that she is a "co-owner" of MGO with Pham. Mak thereby effectively concedes that her claim for copyright infringement based upon Pham's use of his own company's logo is fatally contradictory and facially implausible. See *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013) (deeming argument conceded where plaintiff failed to address it in opposition).[1]

---

[1] See also, *Qureshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 WL 841669, at *6 fn. 2 (N.D. Cal. March 10, 2010) (plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, constituted an "abandonment of those claims") (citing *Jenkins v. Cnty of Riverside*, 398 F.3d 1093, 1095 fn. 4 (9th Cir.

SINGH, SINGH & TRAUBEN, LLP

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
CIVIL ACTION NO. 8:17-CV-2223 DOC (KESx) - 2

Mak concedes that, even accepting all of Mak's allegations as true, Mak never, at any time, could or did effectuate a member dissociation of Pham from MGO. In addition, Mak concedes that Pham was and remains an owner of MGO and that Pham can lawfully use the MGO logo (trademarked under his own name) on behalf of and/or for the benefit of the company in his capacity as an owner.

Moreover, Mak alleges in her Amended Copyright Claim that Mak and Pham had agreed that Pham would register the subject logo with the USPTO **in the name of MGO**. (FACC ¶21). Mak also expressly alleges that she created the design and logo for MGO. (FACC ¶17).

Consequently, in the Opposition, Mak cannot and does not address or oppose the argument that Pham, as an owner of MGO, cannot infringe his own company's logo by using that logo to promote the same company Mak alleges they co-own. Instead, in one line, Mak mischaracterizes or misconstrues Pham's Motion to Dismiss by stating that "Pham rests most of his dismissal on the idea Counter-Claimants [sic] alleged **he** is using **his** own logo." [DE 53 at 7]. (Emphasis supplied). This is inaccurate and misses the point. Mak fails to state a claim because the alleged use of the MGO design and logo **for MGO by an owner of MGO** cannot constitute copyright infringement. Because Mak does not allege sufficient facts as to any "violation" by Pham in connection with the use of the MGO design and logo, Mak cannot allege any infringement of the MGO design and logo. Consequently, Mak cannot state a claim for relief that is plausible on its

---

2005); *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 2:10-4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("[i]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Scott v. City of Phoenix*, No. CV-09-0875, 2011 WL 3159166, at *10 (D.Ariz. July 26, 2011) (failure to oppose statute of limitations argument constituted waiver); *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1147 fn. 7 (E.D. Cal. 2005) ("[a]t any rate, failure of a party to address a claim in an opposition to a motion for summary judgment may constitute a waiver of that claim."); *In re Online DVD Rental Antitrust Litig.*, No. 09-2029, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011) (absent unusual circumstances, failure to respond to argument on merits "viewed as grounds for waiver or concession of the argument").

SINGH, SINGH & TRAUBEN, LLP

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
CIVIL ACTION NO. 8:17-CV-2223 DOC (KESx) - 3

face.

### III. MAK'S OPPOSITION AGAIN RELIES UPON WHOLLY CONCLUSORY LABELS AND FORMULAIC RECITATIONS

In her Opposition, Mak again relies upon conclusory statements to support her claim, simply quoting from the Amended Copyright Claim to argue that "'Pham is infringing Mak's copyright by knowingly and willfully using the Work without the consent or authorization of Mak.' (FACC ¶ 40)." [DE 53 at 7]. Mak's Opposition does nothing to counter the argument that the Amended Copyright Claim does not contain sufficient facts to state a claim for relief that is plausible on its face. See *Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*, No. CV 10-6972 CAS (PJWx), 2011 WL 281020, at *6 (C.D. Cal. Jan. 26, 2011) (granting motion to dismiss copyright claim where complaint alleged no facts indicating what acts constituted alleged infringement and instead only contained conclusory allegations that defendants "have infringed, and continue to infringe plaintiff's exclusive copyrights by reproducing, preparing derivative works of, and distributing infringing copies of" plaintiff's copyright).

Mak's blanket conclusion that Pham's use of the MGO logo is without authorization and therefore renders Pham liable for damages remains devoid of the factual content that *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 require, including by what specific acts and during what time Pham allegedly infringed the copyright. At most, Mak's allegations of "infringement" are conclusory legal allegations cast in the form of factual allegations, restyled to avoid the three-year statute of limitations.

### IV. MAK'S OPPOSITION CONFIRMS THAT THE ENTIRETY OF MAK'S "COPYRIGHT INFRINGEMENT" CLAIM IS TIME BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS

In her Opposition, Mak makes clear that the gravamen of her Amended Copyright Claim is ownership because, as alleged by Mak, Pham's October 2, 2012 USPTO Trademark Certificate for the design mark "G MISS GLOBAL" is the basis of her copyright claim. [DE 53 at 8]. Specifically, in seeking to identify Mak's non-conclusory

SINGH, SINGH & TRAUBEN, LLP

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
CIVIL ACTION NO. 8:17-CV-2223 DOC (KESx) - 4

allegations supporting Mak's copyright infringement claim, Mak states in her Opposition that "Mak has properly alleged Pham's trademark is completely based on Mak's design. (FACC ¶ 21.)" [DE 53 at 8]. The MGO logo that Mak claims as her "copyright", and which Pham owns as a trademark, **are the exact same logo design**. [DE 50 at 10; DE 52-3 at 2]. Accordingly, the gravamen of Mak's copyright claim is an ownership dispute - who among these disputing parties is entitled to own and use the logo, whether as a copyright, trademark, or otherwise.

Unlike "ordinary" copyright infringement claims, however, "claims of co-ownership, as distinct from claims of infringement," **accrue only once**, "when plain and express repudiation of co-ownership is communicated to the claimant, and are barred three years from the time of repudiation." *Seven Arts*, 733 F.3d at 1254; citing *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996); see also *Aalmuhammed v. Lee*, 202 F.3d 1227, 1230-31 (9th Cir. 2000) ("[Where] creation rather than infringement is the gravamen of an authorship claim, the claim accrues on account of creation, not subsequent infringement and is barred three years from 'plain and express repudiation' of authorship").

The recent Central District case of *White v. Warner-Tamerlane Publ'g Corp.*, No. CV 16-5831 PSG, 2017 WL 4685542 (C.D. Cal. May 22, 2017) is highly instructive. In *White*, the plaintiffs asserted copyright infringement and related claims regarding defendants' alleged ongoing and continuous infringement of a song owned by plaintiffs. Specifically, plaintiffs alleged that defendants infringed on plaintiffs' copyright with a song defendants created and released in 1993, and continued to exploit. Finding all plaintiffs' claims to be barred by the three-year statute of limitations under the Copyright Act, the court in *White* granted the defendants' motion to dismiss the plaintiffs' first amended complaint for copyright infringement. *White*, 2017 WL 4685542, at *4; 17 U.S.C. §507(b).

In granting the defendants' motion to dismiss **with prejudice**, the court in *White* predominately relied upon the Ninth Circuit case of *Seven Arts*. Specifically, the court

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
CIVIL ACTION NO. 8:17-CV-2223 DOC (KESx) - 5

SINGH, SINGH & TRAUBEN, LLP

distilled the Ninth Circuit's determination as to gravamen of a copyright claim being ownership, and not infringement, to an examination of three factors. As the court in *White* noted, the first factor the Ninth Circuit stressed was the "close relationship" between the plaintiff and the defendant, particularly where the parties had entered into an agreement regarding the subject copyrights more than three years prior to the action. The second factor was whether the defendant had "repudiated" the plaintiffs' ownership interest in the subject copyrights. Finally, the third factor upon which the Ninth Circuit focused involved the "inequities" of allowing the plaintiff to proceed with its claims after so much time had passed:

> [A]llowing infringement claims to establish ownership where a freestanding ownership claim would be time-barred would permit plaintiffs to skirt the statute of limitations for ownership claims and lead to results that are 'potentially bizarre,' 3 Nimmer & Nimmer, *Nimmer on Copyright,* § 12.05[C][3]. An alternative approach would allow plaintiffs who claim to be owners, but who are time-barred from pursuing their ownership claims forthrightly, **simply to restyle their claims as "infringement" and proceed without restriction**. Such would negate our reasoning in *Zuill* —
>
>> 'It is inequitable to allow the putative co-owner to lie in the weeds for years after his claim has been repudiated, while large amounts of money are spent developing a market for the copyrighted material, and then pounce on the prize after it has been brought in by another's effort.'

*Seven Arts*, 733 F.3d at 1255; quoting *Zuill*, 80 F.3d at 1370-71. (Emphasis supplied).

This is precisely the case here. Mak's purported copyright claim is based upon "Pham's trademark" being "completely based on Mak's design." [DE 53 at 8]. Mak has hence confirmed that the gravamen of her Amended Copyright Claim relates to the ownership of the MGO logo, not infringement, and an application of the three factors in *Seven Arts* cements this conclusion.

First, according to Mak's own allegations, Mak and Pham were unequivocally in a "close relationship", allegedly entering into a direct agreement to co-found and equally own MGO. (FACC ¶¶14-15).

SINGH, SINGH & TRAUBEN, LLP

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
CIVIL ACTION NO. 8:17-CV-2223 DOC (KESx) - 6

      Second, Pham clearly repudiated Mak's ownership interest in the subject logo when, on October 2, 2012, Pham obtained a USPTO Trademark Certificate for the design mark "G MISS GLOBAL" with Registration No. 4,219,443, which affirms that Pham first used "G MISS GLOBAL" as early as May 7, 2012. [DE 52 at Exs. "3"-"4"].[2] For instance, in *White*, the court found that defendants clearly repudiated plaintiff's ownership rights by registering their own copyright in the allegedly infringing song of the same name. Similarly, here, Pham's registration of his trademark in 2012 for the same logo/design in which Mak now claims to own the copyright operates as a repudiation of Mak's ownership. Just as the plaintiffs in *White*, and as the Honorable Court has already found, Mak fails to plead sufficient facts to demonstrate that she had no means from which to discover Pham's USPTO Trademark Registration for the "Miss Global" design. [DE 49 at 10].[3] To the contrary, as in *White*, Mak alleges to have entered into an agreement with Pham, alleges to have known in 2012 that Pham registered a trademark in the logo Mak now claims to own, and alleges that she was not only an associate of Pham, as was the case in *White*, but that she was a co-owner of MGO with Pham for approximately seven years. (FACC ¶¶10-21).

      Third, as set forth above, allowing Mak's purported "infringement" claim to establish ownership where a freestanding ownership claim would be time-barred would permit Mak to bypass the statute of limitations for ownership claims and lead to a bizarre

---

[2] Counterclaimants do not contest Pham's Request for Judicial Notice of the six publicly available exhibits, including the two USPTO Office Certificates of Trademark Registrations and two screenshots of the USPTO Website of the Miss Global Mark and G Miss Global mark. [DE 52]. Each of these exhibits existed in the public record and were, at all times relevant, available to Mak, who was aware of their existence.

[3] Once again, Mak does not include any allegations within the First Amended Counterclaim sufficient to suggest that she was reasonably diligent in investigating the cause of her purported injury, which again includes Pham's 2012 USPTO Trademark Registration for the "Miss Global" design. See *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005) ("plaintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put [them] on inquiry or if they have the opportunity to obtain knowledge from sources open to [their] investigation").

result, particularly where, as here, Mak has alleged Pham always was and remains an owner of the company for which Mak allegedly created the subject logo, that being MGO. (FACC ¶17).

Just as in *White*, the purported dispute Mak has engendered would revolve around the parties' alleged agreement in 2011, including a determination as to the lawful owner of the logo, especially where, as in *White*, the "Work" at issue is virtually the same. Clearly, as in *White*, the gravamen of the Amended Copyright Claim is the ownership of the MGO logo, and the three-year statute of limitations from the date of repudiation (October 2012) applies.

Because Mak's claim accrued, at the latest, in October 2012, and Mak did not file this action until 2017, Mak's purported claim for copyright infringement is barred by the three-year statute of limitations.

### V. MAK NEITHER REBUTS NOR ADDRESSES THE ARGUMENT THAT MAK IS PROHIBITED FROM RECOVERING STATUTORY DAMAGES OR ATTORNEY'S FEES

In her Opposition, Mak does not contest that under the Copyright Act, a plaintiff cannot "state[] a claim for statutory damages and attorney's fees" absent a timely, valid U.S. registration. *Martin v. Walt Disney Internet Grp.*, No. 09CV1601-MMA (POR), 2010 WL 2634695, at *3 (S.D. Cal., June 30, 2010). Mak also does not contest that "courts routinely decide whether such remedies are available under the Copyright Act on a 12(b)(6) motion." (*Id.*).

Likewise, Mak does not contest that 17 U.S.C. § 412 prohibits recovery of statutory damages **and** attorneys' fees unless a work was registered (a) **before** the infringement commenced or (b) within three months after its first publication. *Derek Andrew, Inc. v. Poof Apparel Corp.* (9th Cir. 2008) 528 F.3d 696, 699.

Mak further does not contest that under 17 U.S.C. § 504, "in order to recover statutory damages, the copyrighted work must have been registered **prior** to commencement of the infringement." *Ledesma v. Del Records, Inc.*, No.

SINGH, SINGH & TRAUBEN, LLP

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
CIVIL ACTION NO. 8:17-CV-2223 DOC (KESx) - 8

215CV4266ODWGJSX, 2015 WL 8023002, at *3 (C.D. Cal., Dec. 4, 2015); *quoting Derek Andrew, Inc.*, 528 F.3d at 701 (plaintiff could not recover statutory damages where allegedly infringing activity commenced before the effective registration date).

Instead, without any authority, and seemingly in a state of misunderstanding as to the implication of 17 U.S.C. § 412, Counterclaimant Mak tacitly suggests that she is somehow entitled to statutory damages, punitive damages, and attorney's fees for "acts" committed subsequent to the date of "registration" of the mark. [DE 53 at 8]. This is **not** the law. To the contrary, as the Ninth Circuit held in *Derek Andrew, Inc.*, "*the first act of infringement* in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." *Derek Andrew, Inc.*, 528 F.3d at 701 (party not entitled to statutory damages or attorney's fees where alleged infringement commenced prior to the registration date). (Emphasis in original).

Finally, Mak does not contest that "punitive" damages are not available under the Copyright Act. *Krisel v. Contempo Homes, Inc.*, No. EDCV 06-00507 SGL, 2006 WL 5668181, at *3 (C.D. Cal., Sept. 27, 2006); *Smith & Hawken, Ltd. v. Gardenance, Inc.*, No. C04-1664 SBA, 2004 WL 2496163, at *10 (N.D. Cal., Nov. 5, 2004); *Saregama India Ltd. v. Young*, No. CV 0219856 RJK, 2003 WL 25769784, at *1 (C.D. Cal., March 11, 2003).

Accordingly, in the alternative, Counter-Defendant Pham respectfully requests that the Court dismiss Counterclaimant Mak's request for statutory damages, attorneys' fees and punitive damages within the Amended Copyright Claim's Prayer for Relief.

## VI.   MAK SHOULD NOT BE GRANTED LEAVE TO AMEND

In Mak's Opposition to Pham's Motion to Dismiss Mak's initial Counterclaim, Mak conceded that she had not alleged that she had submitted a copyright application to the Copyright Office. [DE 41 at 26-27]. Instead, in this first Opposition, Mak requested leave to amend, citing a string of three cases making plain that a failure to allege registration is a pleading defect requiring dismissal, but one that can be cured by the

SINGH, SINGH & TRAUBEN, LLP

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
CIVIL ACTION NO. 8:17-CV-2223 DOC (KESx) - 9

filing of an amended complaint pleading facts sufficient to satisfy the registration requirement of 17 U.S.C. §411(a). [DE 41 at 27].

Now, further underscoring Mak's general insouciance and lack of belief in her own contrived claim, in again seeking leave to amend in the event the Court finds Mak's copyright infringement claim defective, Mak copy and pastes the same string of three cases related to the failure to allege "registration" of a copyright being curable, an issue not relevant to the current fatal defects plaguing Mak's claim. [DE 53 at 9]. As Mak's Amended Copyright Claim is time-barred as a matter of law, Mak should not be granted leave to amend. See *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (no requirement under Ninth Circuit case law to grant leave to amend if complaint lacks merit entirely and cannot be saved).

## VII.  CONCLUSION

For the reasons set forth above, Plaintiff/Counter-Defendant Van Pham respectfully requests that the Court grant his Motion to Dismiss Counterclaimant Mak's First Amended Counterclaim for Copyright Infringement with prejudice, or in the alternative, dismiss the First Amended Counterclaim's request for statutory damages, punitive damages and attorneys' fees.

DATED: August 13, 2018

Respectfully submitted,

SINGH, SINGH & TRAUBEN, LLP
MICHAEL A. TRAUBEN

By:   /s/ Michael A. Trauben
         Michael A. Trauben

*Attorneys for Plaintiff* MISS GLOBAL ORGANIZATION LLC *and Plaintiff/Counter-Defendant* VAN PHAM