UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-2223-DOC (KESx)                                       Date: October 1, 2018

Title: MISS GLOBAL ORGANIZATION LLC ET AL V. MAK ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM [51]

Before the Court is Plaintiff and Counterdefendant Van Pham's ("Pham") Motion to Dismiss First Amended Counterclaim ("Motion") (Dkt. 51). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court GRANTS IN PART Pham's Motion.

**I.   Background**

   **A.   Facts**

This case arises from a dispute over Miss Global Organization ("MGO"), which is the organizer of Miss Global, an annual beauty pageant. *See* Complaint (Dkt. 1) ¶ 13. Pham and MGO bring suit against Defendants Sokhuntea Mak ("Mak") and Scott Ware ("Ware") (collectively "Defendants"). *See* Compl. at 1. Counterclaimant Mak filed an Amended Counterclaim ("ACC") (Dkt. 50) for copyright infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                            Date: October 1, 2018

Page 2

For the purposes of this Motion, the Court adopts the facts set out in the Amended Counterclaim. Pham and Mak are allegedly co-founders of MGO. ACC ¶ 14. Mak has had a long-standing career in the entertainment industry as a consultant, red carpet host, model, and actress. *Id.* ¶ 9. Around April 2011, Pham requested to meet with Mak and asked about Mak's connections in the entertainment industry. *Id.* ¶ 10. Pham and Mak began discussing business ideas in the entertainment field, so that Pham could capitalize on Mak's established connections in the entertainment industry. *Id.* In September 2011, Mak suggested that they create a company that arranges and conducts beauty pageants. *Id.* ¶ 11. Pham and Mak allegedly entered into an oral agreement ("2011 Verbal Agreement") to be co-founders and share an equal 50-50 ownership interest. *Id.* ¶¶ 14, 28. Pham and Mak agreed that Mak would provide the vision for MGO, as well as establish and oversee the company's operations and procedures. *Id.* ¶ 15. Pham would handle MGO's financial operations. *Id.* Mak alleges that she came up with the company name of Miss Global Organization. *Id.* ¶ 12. Pham was instructed to purchase the domain name on MGO's behalf, along with five other domain names related to MGO. *Id.* ¶ 13.

Mak alleges that since the company's inception, she has expended significant time and recourses developing MGO. *Id.*¶ 16. Mak allegedly formulated all of the ideas behind the development of MGO including, but not limited to, the company name, the company trademark, the rules and regulations, business model, judging criteria, logo designs, slogans, and company mission. *Id.* In or around April 2011, Mak created the MGO design and logo (the "Work"). *Id*. ¶ 17.

On March 10, 2012, Pham registered MGO with the California Secretary of State as a limited liability company. *Id.* ¶ 19. Pham assured Mak that her name was on MGO's business registration filing as an owner of the company. *Id*. However, Mak alleges that this representation was not true, and that it was not until September 2017 that she discovered that Pham had failed to list her as an owner of MGO in the company's business registration filing. *Id.* On July 2012, Pham opened a Bank of America business account for MGO without adding Mak to the account, despite the fact that Pham and Mak had agreed that they would both be signers on the account for MGO. *Id.* ¶ 20. Pham assured Mak that he would add her to the account, but Pham failed to add Mak as a signer on MGO's bank account. *Id.*

On October 2, 2012, Pham registered MGO's trademark, Registration No. 4,219,443 under his personal name. *Id.* ¶ 21. Mak alleges that this was despite the fact that Mak and Pham had specifically agreed that MGO's trademark would be registered under the company's name. *Id.* Pham assured Mak that the trademark was registered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)            Date: October 1, 2018

Page 3

under the company's name. *Id.* Moreover, Mak alleges that it was not until September 2017 that Mak discovered that Pham had registered MGO's trademark under his personal name rather than under the company name. *Id.* Moreover, the trademark is allegedly "completely based on Mak's design." *Id.*

Mak alleges that throughout the years, MGO continued to grow and prosper because of her efforts. *Id.* ¶ 24. Mak further allege that Pham significantly mismanaged MGO's business operations. *Id.* ¶ 25. Over time, Pham's relationship with MGO staff and contestants became increasingly strained because of his alleged hostile attitude and lack of leadership. *Id.* Subsequently, Mak began to take more control of MGO's operations. *Id.* Mak alleges that Pham has engaged in numerous acts of inappropriate and wrongful conduct to the detriment of MGO and Mak. *Id.* ¶ 26. Mak alleges that Pham has tarnished Mak's name. *Id*. ¶ 27. Mak alleges that despite her ownership interest, she has never received any form of compensation from the company. *Id*. ¶ 33. Mak worked alongside Pham as alleged co-owners of MGO until they had a falling out in 2017. *Id*. ¶ 34.

On March 2, 2018, Mak submitted the Work for copyright registration with the Unites States Copyright Office. *Id*. ¶ 29. Mak alleges that she has always been the sole and exclusive owner of the Work. *Id*. ¶ 30. The following is the Work:



*Id.* ¶ 37.

Mak alleges that Pham is infringing her copyright by knowingly and willfully using the Work without her consent or authorization. *Id*. ¶ 40. Mak alleges that Pham has used the design and continues to this day to use the design on his own website and on marketing materials for the MGO pageant. *Id*. Mak alleges Pham's acts violate her exclusive rights under the Copyright Act, 17 U.S.C. Sections 106 and 501. *Id*. Mak alleges that because of Pham's infringing acts, she is entitled to her actual damages and Counter-Defendant's profits attributable in an amount to be proved at trial and all other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                          Date: October 1, 2018

Page 4

relief allowed under the Copyright Act. *Id*. ¶ 42. Mak also alleges she is entitled to a preliminary and permanent injunction. *Id*. ¶ 43.

### B.     Procedural History

On December 20, 2017, Pham filed a Complaint. *See* Complaint (Dkt. 1). On February 16, 2018, Mak filed an Answer (Dkt. 22), and Mak and MGO filed the Counterclaim (Dkt. 23), bringing fourteen counterclaims. On June 27, 2018, the Court dismissed all but one of the Counterclaims with prejudice and the sole remaining copyright infringement claim being dismissed without prejudice. *See* Order Granting Motion to Dismiss Counterclaims. ("First MTD Order") (Dkt. 49).

On July 10, 2018, Mak filed an Amended Counterclaim for copyright infringement ("ACC") (Dkt. 50), seeking relief for damages (statutory, punitive, and future damages), injunction against using the copyrighted material, documentation of all accounting for all profits, and attorney's fees. ACC at 12.

On July 24, 2018, Pham filed the instant Motion, seeking to dismiss the copyright infringement counterclaim on that basis it fails to state a plausible claim upon which relief can be granted and is time barred by the statute of limitations. *See generally* Mot. Pham also filed a Request for Judicial Notice ("RJN") (Dkt. 52). On August 3, 2018, Mak filed her Opposition ("Opp'n") (Dkt. 53) and on August 13, 2018, Pham replied ("Reply") (Dkt. 54).

### II.     Request for Judicial Notice

Pham requests that the Court take judicial notice of six documents. *See* RJN at 2. Pursuant to Federal Rule of Evidence 201, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, a court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the Pacer system via the internet." *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002). The Court may also take judicial notice of documents available on a government agency's website. *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013). "[D]ocuments on which allegations in the complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)            Date: October 1, 2018

Page 5

necessarily rely, even if not expressly referenced in the complaint" are subject to judicial notice, "provided that the authenticity of those documents is not in dispute." *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015) (emphasis in original).

Pham requests that the Court take judicial notice of the following six documents, filed with the Court as Exhibits 1 through 6 to Pham's Request for Judicial Notice:

1. The Unites States Patent and Trademark Office, Certificate of Trademark Registration for the mark "MISS GLOBAL" in the name of Van Pham; Registration No. 4,140,556 (Registration Date: May 8, 2012);
2. A screenshot of the Unites States Patent and Trademark Office Website for the Miss Global mark;
3. The Unites States Patent and Trademark Office, Certificate of Trademark Registration for the mark "G MISS GLOBAL" in the name of Van Pham; Registration No. 4,219,443 (Registration Date: October 2, 2012);
4. A screenshot of the Unites States Patent and Trademark Office Website for the G Miss Global mark;
5. The Statement of Information for Miss Global Organization, LLC filed with the California Secretary of State on May 10, 2012, identifying Van M. Pham as the sole manager; and
6. The Articles of Organization for Miss Global Organization, LLC filed with the California Secretary of State on March 21, 2012.

*See* RJN at 2, Exs. 1–6.

Exhibits 1 through 4 of RJN are available on the United States Patent and Trademark Office Website, and no party objects to their authenticity. *See* RJN Ex. 1 ("United States Patent and Trademark Office Certificate of Trademark Registration for the mark of "Miss Global" in the name of Van Pham"); Ex. 2 ("United States Patent and Trademark Office Website of the "Miss Global" mark.") Ex. 3 ("United States Patent and Trademark Office Certificate of Trademark Registration for the mark of "G Miss Global" in the name of Van Pham"); and Ex. 4 ("United States Patent and Trademark Office Website of the "G Miss Global" mark"). Exhibits 5 and 6 to RJN describes a Statement of Information and Articles of Organization for the Miss Global Organization, and are available on the California Secretary of State Website. *See* RJN Ex. 5 ("Statement of Information for Miss Global Organization, LLC filed with the California Secretary of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                            Date: October 1, 2018

Page 6

State.") and Ex. 6 ("Articles of Organization for Miss Global Organization, LLC filed with the California Secretary of State."). Neither party objects to the authenticity of those documents, as these documents can be found on official government websites.[1] Thus, the documents are the proper subject of judicial notice. *See* Fed. R. Evid. 201; *see also Jeffrey M. Goldberg & Assocs., Ltd. v. Holstein*, 299 B.R. 211 (Bankr. N.D. Ill. Sept. 24, 2003) (finding that a federal court can take judicial notice of information on official government websites).

Accordingly, the Court takes judicial notice of Exhibits 1 through 6 to Pham's Request for Judicial Notice.

## III. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

---

[1] Counterclaimant disputes the truth of some of the information contained in Exhibits 1 through 6 to Pham's RJN, specifically the fact of whose name the trademarks should be really registered to and the conclusions that may be drawn from them. *See generally* Opp'n. However, Pham does not request that the Court take judicial notice of the truth of the facts asserted in those exhibits, and the Court does not do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                    Date: October 1, 2018

Page 7

## IV. Discussion

Pham moves to dismiss Mak's counterclaim for copyright infringement on the basis that it fails to state a claim upon which relief can be granted for four reasons. *See generally* Mot. First, Mak's FAC for copyright infringement fails to plead actual copying. *Id*. at 9. Second, Mak fails to plead sufficient facts to state a plausible claim for copyright infringement. *Id.*. at 12. Third, Mak's claim for copyright infringement is barred by the three-year statute of limitations. *Id.* Finally, Mak's request for statutory damages, attorney's fees, and punitive damages must be dismissed. *Id*. at 14.

### A. Unauthorized Copying

Pham argues that Mak does not sufficiently allege actual unauthorized copying, arguing that the use of the MGO design and logo for MGO and by an owner of MGO cannot constitute copyright infringement, and thus Mak fails to allege that there is any violation in connection with the use of the design. Mot. at 11. Mak argues that she has adequately pled her copyright infringement claim for three reasons: she "is the sole, exclusive owner of all rights, title, and interest in and to the copyright of the Work"; she has properly alleged Pham's trademark is "completely based on [her] design"; and Pham is "infringing [her] copyright by knowingly and willfully using the Work without consent or authorization." ACC ¶¶ 21, 38, 40; Opp'n at 3–4. Pham responds by arguing that Mak did not address Pham's argument that Mak's claim for copyright infringement is in direct conflict with Mak's allegations that she is a co-owner of MGO with Pham and thereby, Mak effectively concedes her claim. Reply at 2.

To establish a claim for copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc*, (June 13, 2012). In addition, a plaintiff can show defendant's infringement was "willful" by establishing that the defendant acted with "knowledge that its conduct constitutes an act of infringement." *Oracle Am., Inc. v. Google Inc.*, 131 F. Supp. 3d 946, 949 (N.D. Cal. 2015).

As to the first element, ownership, Mak alleges that the MGO logo is her original design, created solely by her and that it contains material wholly original to her. ACC ¶¶ 27, 30, 37, 38; Opp'n at 3. To support this, Mak submitted a Copyright Office Registration through a Notice of Lodging (Dkt. 56). Thus, Mak has sufficiently pleaded

facts sufficient to demonstrate that she has "ownership of the alleged infringed material." *See L.A. Printex Industries*, 676 F.3d at 846.

As to the second element, copying, Mak alleges facts regarding unauthorized copying of elements of the work that are original. *See Id.* Namely, Mak has alleged Pham's trademark is "completely based on Mak's design." ACC ¶ 21; Opp'n at 4. Furthermore, Mak alleges this copying is "without [her] consent or authorization." ACC ¶ 40, Opp'n at 3. The image in the trademark and the copyright are identical. *Compare* RJN Ex. 3 with Notice of Lodging Ex. 1. Thus, Mak sufficiently pleads facts supporting evidence of unauthorized copying for the purposes of bringing a copyright infringement claim.

As to Pham's argument that he is not subject to copyright infringement because he is the owner of the trademark, the district courts have held that trademarks and copyrights are two different kinds of intellectual property with separate rights attached to each of them. "The universe of cases that deal with conflicts between trademarks and copyrights is small and not fully developed. The general rule stated by the leading treatise is that the two kinds of intellectual property are different, and the acquisition of one is not a defense to an allegation of infringement of the other. *Elements Spirits, Inc. v. Iconic Brands, Inc.,* No. CV 15-02692 DDP (AGRx), 2015 WL 3649295, at 4 (C.D. Cal. June 11, 2015) (citing 1 McCarthy on Trademarks and Unfair Competition §6:14 (4th ed.). "Just as one may not draw another's trademark, copyright the drawing, and thereby evade trademark law, one also may not appropriate another's copyrighted work as one's trademark…and thereby evade copyright law." *Id.* at 5. "Furthermore, possession of a service mark is not a defense to infringement of a valid copyright." *Boyle v. U.S.,* 200 F.3d 1369 (Fed. Cir. 2000) (holding that "although the grant of a service mark registration entitles the registrant to certain rights and privileges under the Trademark Act, the right to infringe another's copyright is not one of those rights"). Conversely, a valid copyright does not entitle the copyright owner to infringe another's trade[mark] rights. *Nova Wines, Inc. v. Adler Fels Winery LLC,* 467 F.Supp.2d 965, 983 (N.D. Cal. 2006).

Pham argues that because he is owner of MGO and the MGO trademark, he cannot infringe his own company's logo by using that logo to promote the same company as this constitutes authorized use. Mot. at 1. Mak reiterates that she "created" and "is the sole exlcusive owner of all rights, title, and interest in and to the copyright of the Work. (FAC¶ 38), and that "Pham is infringing [her] copyright by knowingly and willfully using the work without [her] consent or authorization" (FAC ¶ 40). Opp'n at 3. Pham

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)            Date: October 1, 2018

Page 9

claims that Mak fails to state a claim because the alleged use of the MGO design and logo for MGO by an owner of MGO cannot constitute copyright infringement. Reply at 3

Here, Pham's registration of the trademark in his name is not a defense to Mak's copyright infringement claim. Pham cites no supporting authority indicating that ownership a trademark, or its use as an owner of a company, equates to an authorized use of another's copyright. Thus, Mak sufficiently pleads unauthorized copying of her copyrighted image despite Pham owning the trademark to the image.

Thus, the Court DENIES Pham's Motion to the extent that Pham argues that Mak fails to allege unauthorized copying.

      **B.**     **Sufficient Facts to State a Plausible Claim.**

Next, Pham argues that Mak has not alleged "specific acts and during what time" Pham allegedly infringed the copyright, and thus has failed to state a claim. Mot. at 12. Mak argues that Pham used the copyrighted Work in promotional marketing materials and media online. ACC ¶ 40; Opp'n at 4. Pham replies that Mak's opposition does nothing to counter the argument that the ACC does not contain sufficient facts to state a claim for relief that is plausible on its face. Reply at 4.

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570).

Here, Mak has plead sufficient facts to state a plausible claim by including specific acts and duration of the alleged copyright infringement. Namely, Mak has alleged that Pham used the design and continues to this day to use the design in promotional marketing materials and media online. ACC ¶ 40; Opp'n at 4. This raises a right to relief above the speculative level.

Thus, the Court DENIES Pham's Motion to the extent That Pham argues that Mak fails to allege specific acts to state a plausible claim.

      **C.**     **Three-Year Statute of Limitations.**

Pham argues that the counterclaim is barred by the three-year statute of limitations because Mak acknowledges Pham's USPTO Trademark application was registered on

Case 8:17-cv-02223-DOC-KES   Document 57   Filed 10/01/18   Page 10 of 14   Page ID #:473

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                                    Date: October 1, 2018

Page 10

October 2, 2012. Mot. at 12. Mak argues that the claim is not barred by the statute of limitations because she only discovered that Pham had not added her name to the trademark in September 2017. ACC ¶ 21. Furthermore, Mak argues that Pham has been continually using the copyright without permission in the year 2018 and thus the claim continues to accrue. Opp'n at 4. Pham responds that Mak's opposition makes clear that the "gravamen of her [claim] is ownership" and thus is barred by the statute of limitations. Reply at 4.

"[C]laims of co-ownership, as distinct from claims of infringement,' accrue only once, 'when plain and express repudiation of co-ownership is communicated to the claimant, and are barred three years from the time of repudiation." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citing *Zuill v. Shanahan*, 80 F.3d 1366,1369 (9th Cir. 1996)).

As to the ownership claim, Mak and Pham do not dispute ownership. Pham registered the *trademark* on October 2, 2012. ACC ¶ 21. Conversely, Mak registered the *copyright* on March 2, 2018. ACC ¶ 29, *see also* Dkt. 56. Thus, this is not an ownership claim and therefore the claim does not accrue only once.

As to the infringement claim, there are two issues. First, whether Mak had "knowledge of a violation or is chargeable with such knowledge." *Roley*, 19 F.3d at 481. Second, whether Pham's continuous use of the Work permits an action to be brought for all acts that accrued within the three year preceding the filing of suit. *Id.*

"No civil action shall be maintained unless it is commenced within three years after the claim accrued." 17 U.S.C. §507(b). "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Roley v. New World Pictures, Ltd.,* 19 F.3d 497, 481 (9th Cir. 1994). "Thus, under *Roley*, the statute of limitations does not prohibit recovery of damages occurred more than three years ago prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and the lack of knowledge was reasonable under the circumstances." *Polar Bear Productions, Inc. v. Timex Corp.,* 384 F.3d 700 (9th Cir. 2004). "In a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of the suit." *Roley,* 19 F.3d at 481.

First, as to knowledge, Mak knew that Pham registered the trademark in October 2012. ACC ¶ 21; Opp'n at 13. However, Mak alleges she only discovered that Pham had registered the trademark under his personal name rather than under the company name in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                                Date: October 1, 2018

Page 11

September 2017. ACC ¶ 21. Even if Mak only discovered the trademark did not bear her name in September 2017, Mak is "chargeable with such knowledge" because the Mak had ample opportunity to obtain knowledge regarding the alleged cause of her injury, by checking the United States Patent and Trademark Office Website Certificate of Trademark Registration for the mark of "G Miss Global" in the name of Van Pham. *See* RJN Ex. 3. Thus, because Mak knew and was chargeable with knowledge about Pham's infringement when he registered the Work, the infringement claim began to accrue on October 2, 2012.

Second, as to accrual, Pham's continuous use of the Work on the MGO website and in MGO marketing material without permission in at least the year 2018 constitutes a "continuous copyright infringement" for the purposes of bringing an action for "all acts that accrued within the three years preceding the filing of the suit." *Roley,* 19 F.3d at 481. Thus, Mak can bring an action for all acts that accrued three years from the filing of this Amended Counterclaim. Because Mak filed this Amended Counterclaim on July 10, 2018, Mak can bring an action for all acts that accrued since July 10, 2015.

Thus, the Court DENIES Pham's Motion to the extent the Pham argues that Mak's claim is barred by the three-year statute of limitations.

      **D.**       **Remedies**

Next, Pham argues that all damages and attorney's fees must be dismissed. Mot. at 14. In response, Mak argues that she is entitled to damages resulting from infringement. Opp'n at 4. Pham replies by arguing that Mak does not contest his argument that she is prohibited from recovering damages or attorney's fees because Pham argues that statutory provisions bar recovery. Reply at 9. The Court will address the different types of damages in turn.

                **a.**   **Statutory Damages & Attorney's Fees.**

In an action instituted under this title, no award of statutory damages or of attorney's fees, as provided by §§504 and 505, shall be made for any infringement of copyright commenced in an unpublished work before the effective date of registration. 17 U.S.C. 412(1). Nor shall any statutory damages or attorney's fees be awarded for any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work. 17 U.S.C. §412(2). "In other words, an award for statutory damages and attorney's fees for post-registration infringements not within three

Case 8:17-cv-02223-DOC-KES   Document 57   Filed 10/01/18   Page 12 of 14   Page ID #:475

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                                             Date: October 1, 2018

Page 12

months after first publication of work is not available under the Copyright Act when the initial act of infringement occurred prior to effective copyright registration date and there was no legally significant difference between pre-registration and post-registration infringement." *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696 (9th Cir. 2008) (where the court held that pre-registration and post-registration infringement was not a legally significant difference when infringer continued the same act of distributing garments bearing the infringing hang-tag before and after copyright registration).

      Here, Counterclaimant's copyright registration of the Work states that the "Date of 1st Publication" was January 27, 2013. (Dkt. 56-1). Any infringement commenced before January 27, 2013 is not entitled to statutory damages or attorney's fees because no award shall be made for any infringement of copyright commenced in an unpublished work before the effective date of registration. Furthermore, Counterclaimant only registered the Work on March 2, 2018. Any infringement after January 27, 2013 but before March 2, 2018 is not entitled to statutory damages or attorney's fees because registration did not occur within the proscribed three months under 17 U.S.C §412(2). Finally, any infringement after March 2, 2018 is not entitled to statutory damages or attorney's fees because there is no legally significant difference between pre-registration and post-registration infringement: Mak concedes that Pham has used the design and continues to this day to use the design in the same way by using it on his own website and on marketing materials. ACC ¶ 40. Thus, even though Pham's infringement is continuous and thereby causes a new claim to accrue, there is no legally significant difference between pre-registration and post-registration infringement, which thereby prevents recovery of statutory damages and attorney's fees.

      Thus, the Court DISMISSES WITH PREJUDICE Mak's counterclaim for copyright infringement to the extent that Mak seeks statutory damages and attorney's fees.

### b. Punitive Damages

Next, "prevailing case law is clear that punitive damages are not available in statutory copyright infringement action. *Calio v. Sofa Express, Inc.,* 368 F.Supp.2d 1290, 1291 (M.D. Florida 2005). (citing *Budget Cinema, Inc. v. Watertower Associates,* 81 F.3d 729, 733 (7th Cir. 1996); *On Davis v. Gap Inc.,* 246 F.3d 152, 172 (2d Cir. 2001). Two cases from the United States District Court for the Southern District of New York (*TVT Records v. The Island Def Jam Music Group,* 262 F.Supp.2d 185 (S.D.N.Y 2003); *Blanc v. Koons,* 329 F.Supp.2d 568 (S.D.N.Y 2004) hold that punitive damages are available as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                          Date: October 1, 2018

Page 13

a remedy under §504(a). However, two Ninth Circuit decisions support the conclusion that punitive damages are simply not available under the Copyright Act. See *Dream Games of Arz., Inc. v. PC Onsite,* 561 F.3d 983, 992 (9th Cir. 2009) (noting that statutory damages provision in Copyright Act "further[s] 'compensatory and punitive purposes'") (quoting *Los Angeles New Serv. v. Reuters Tele. Int'l, Ltd.,* 149 F.3d 987, 996 (9th Cir. 1998)); *Polar Bear Prods., Inc.,* 384 F.3d at 704–705 (indicating that, although claim under Copyright Act remained in case, "[b]y dismissing Polar Bear's two state law tort claims, the district court effectively precluded Polar Bear from seeking punitive damages"). Furthermore, this Court has previously dismissed with prejudice a plaintiff's claim for punitive damages due to copyright infringement concluding that punitive damages are not available under the Copyright Act. *Griffo v. Oculus VR, Inc.,* No, 15-CV-1228-DOC (JCGx), 2016 WL 7494892 at *4 (C.D. Cal. Dec. 27, 2016).

Accordingly, the Court DISMISSES WITH PREJUDICE Mak's claim for copyright infringement to the extent that Mak seeks punitive damages.

### c. Actual Damages

Pham argues Mak is not entitled to actual damages because she is not entitled to other forms of awards such as statutory damages, punitive damages, or attorney's fees. *See* Mot. at 16. Mak, however, argues that she is entitled to actual damages in the form of lost income that would have come from licensing the Work to MGO had it not been for Pham's false representations. Opp'n at 4.

"The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C.§504(b).

Here, Counterclaimant can seek to recover actual damages and profits as a result of Pham's alleged infringement. Pham's continuous infringement permits Mak to recover for "all acts that accrued within the three years preceding the filing of the suit." *Roley,* 19 F.3d at 481. Thus, Mak can recover actual damages and profits for all acts that accrued since July 10, 2015, three years preceding the filing of the ACC on July 10, 2018.

Accordingly, the Court DENIES IN PART Pham's Motion to the extent that Pham argues that Mak cannot seek actual damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2223-DOC (KESx)                                Date: October 1, 2018

                                                                                                                    Page 14

## V.      Disposition

      For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Pham's Motion.

      Accordingly, the Court DISMISSES WITH PREJUDICE Mak's copyright infringement claim to the extent that she seeks statutory damages, punitive damages, and attorney's fees.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                     Initials of Deputy Clerk: djl
CIVIL-GEN