# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:17-cv-02223-DOC-KESx                    Date:  February 6, 2019

Title: MISS GLOBAL ORGANIZATION, LLC, et al. v. MAK, et al.

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **Order Directing Parties to Meet-and-Confer re Defendants' Motion to Compel Discovery (Dkt. 74) and re Availability for Telephonic Conference with the Magistrate Judge**

On February 4, 2019, Defendants filed a motion to compel Plaintiffs to provide written responses to interrogatories ("Rogs"), produce documents in response to requests for production ("RFPs"), and produce Van Pham, Miss Global Organization, LLC's CEO, for deposition.  (Dkt. 74, the "Motion.")

The Motion raises several concerns.  First, it is noticed for hearing on March 5, 2019, a date that was posted "closed" on the Court's website prior to Defendants filing the motion.[1]  If the Court reschedules the hearing to the next available hearing date, i.e., March 12, 2019, then that is beyond the dispositive motion cutoff date of March 4, 2019.  (Dkt. 72.)

Second, the motion is not presented in the form of a joint stipulation as required by Central District Local Rule ("L.R.") 37-2.1.  Per L.R. 37-2.4:

_____

[1] https://www.cacd.uscourts.gov/honorable-karen-e-scott

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-02223-DOC-KESx                                    Date: February 6, 2019
                                                                    Page 2

> The Court will not consider any discovery motion in the absence of a joint
> stipulation or a declaration from counsel for the moving party establishing that
> opposing counsel (a) failed to confer in a timely manner in accordance with L.R.
> 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a
> timely manner in accordance with L.R. 37-2.2; or (c) refused to sign and return
> the joint stipulation after the opposing party's portion was added.  If such
> declaration accompanies the motion, then L.R. 6-1, 7-9 and 7-10 apply.

None of these situations are present in this case.  Defense counsel argues that Defendants should
be excused from the joint stipulation requirement because Plaintiffs failed to provide *any* written
responses to the disputed discovery.  Counsel reasons that since the written responses must be
integrated verbatim in any joint stipulation under L.R. 37-2.1, Plaintiffs' failure to respond
rendered preparation of a joint stipulation impossible.  (Dkt. 74 at 9.)

It appears that the real reason Defendants did not prepare a joint stipulation is because
that process requires a minimum of 38 days to complete.  See L.R. 37-1, 37-2.2, 37-3.  Discovery
motions must be filed at least 5 days before the discovery cut off (Dkt. 47 at 3), and the
discovery cutoff was January 31, 2019 (Dkt. 72), making the last day to file a discovery motion
February 4, 2019.  There are not 38 days between when the discovery at issue was served (i.e.,
January 2, 2019) and February 4, 2019 – a calculation which does not account for any time for
Plaintiffs to respond to the subject discovery.

Third, the Motion concerns Rogs and RFPs that were served on January 2, 2019 with the
instruction that Defendants should respond in 15 days pursuant to Judge Carter's order dated
December 21, 2018.  (Dkt. 74 at 14, 23.)  Neither of Judge Carter's orders entered on that date
reduce the time for responding to discovery from the normal 30 days to 15 days.  (See Dkt. 72,
73.)  If Plaintiffs had 30 days to respond, then Defendants' discovery served on January 2, 2019,
would have had a due date after the January 31, 2019 discovery cutoff date.  See Fed. R. Civ. P.
33(b)(2), 34(b)(2) (providing that generally responses to Rogs and RFPs are due within 30 days,
unless "a shorter or longer time" is "stipulated under Rule 29 or ordered by the court"); Fed. R.
Civ. P. 29(b) ("a stipulation extending the time for any form of discovery must have court
approval if it would interfere with the time set for completing discovery, for hearing a motion, or
for trial").

While the Court acknowledges that Judge Carter advanced the discovery cutoff date from
March 2019 to January 31, 2019 (compare Dkt. 47 and 72), he did so in conjunction with
granting a preliminary injunction in favor of Plaintiffs (Dkt. 73).  Judge Carter apparently
reasoned that by advancing the trial date and related pretrial deadlines, the parties could get to a
trial on the merits faster and arrive at a permanent solution to replace the preliminary injunction.
Because the parties had already litigated a temporary restraining order and a preliminary

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-02223-DOC-KESx                                    Date: February 6, 2019
                                                                   Page 3

injunction, and because defense counsel did not object to the expedited discovery cutoff at the preliminary injunction hearing, Judge Carter probably believed that the parties had substantially completed discovery.  Since he had previously ordered that all discovery needed to be served 45 days in advance of the cutoff date (Dkt. 47 at 3), and he set a cutoff date of January 31, 2019, i.e., a date less than 45 days after the December 21, 2018 order, he may not have expected the parties to serve any new discovery.

        Fourth, defense counsel does not attach any emails or other meet-and-confer communications in which Plaintiffs' counsel disputed the validity of the Rogs, RFPs, or deposition request based on their timing.  Instead, the exhibits to the Motion include an email dated January 25, 2019, in which Plaintiffs' counsel confirms that he will provide "responses to [Defendants'] discovery requests today."  (Dkt. 74 at 38.)  Plaintiffs' counsel also offered Mr. Pham for deposition on Saturday, January 26, 2019, or agreed not to contest a request to extend the discovery cutoff date to allow Defendants to take Mr. Pham's deposition after his return for international travel.  (Id.)

        For all these reasons, it appears to the Court that it would be helpful to conduct a telephonic conference to discuss the present status of the discovery and any continuing efforts to meet and confer to resolve this dispute.  Counsel shall meet and confer and email the Court's CRD Jazmin Dorado at KES_Chambers@cacd.uscourts.gov with their mutual availability on February 7, 8, and 11.


                                                    Initials of Deputy Clerk JD