LAW OFFICE OF KEVIN M. WELCH
Kevin M. Welch, (SBN 254565)
*Kevin@kmwlawoffice.com*
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Fax: (310) 698-1626

Attorney for the Plaintiffs and Counter-Defendants,
MISS GLOBAL ORGANIZATION, LLC and
VAN PHAM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MISS GLOBAL ORGANIZATION, LLC, a California limited liability company and VAN PHAM, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>SOKHUNTEA MAK, a/k/a TEA MAK, an individual; SCOTT WARE, an individual; and DOES 1-10, Inclusive,<br><br>          Defendants.<br><br>―――――――――――――<br><br>SOKHUNTEA MAK, a/k/a TEA MAK, an individual; SCOTT WARE, an individual; and DOES 1-10, Inclusive,<br><br>          Counterclaim Plaintiffs,<br>          v.<br><br>MISS GLOBAL ORGANIZATION, LLC, a California limited liability company and VAN PHAM, an individual,<br><br>          Counterclaim Defendants | Case No.: 8:17-cv-2223 DOC (KESx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE THE DISMISSAL AND ENFORCE THE SETTLEMENT AGREEMENT AND FOR DAMAGES, ATTORNEYS' FEES, AND SANCTIONS**<br><br>**Hearing Date: August 26, 2019**<br>**Time:          8:30 a.m.**<br>**Courtroom:   9D**<br>**Judge:         Hon. David O. Carter** |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE THE DISMISSAL AND ENFORCE THE SETTLEMENT AGREEMENT AND FOR DAMAGES, ATTORNEYS, FEES, AND SANCTIONS**

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2   **NOTICE IS HEREBY GIVEN** that on August 26, 2019, at 8:30 a.m., or as soon

3   thereafter as counsel may be heard by the above-entitled Court, located at 411

4   Fourth Street, Courtroom 9D, Santa Ana, 92701-4516, Plaintiffs and Counterclaim

5   Defendants MISS GLOBAL ORGANIZATION, LLC and VAN PHAM (together

6   "Plaintiffs") will and hereby do move the Court to Vacate the Dismissal and to

7   Enforce the Settlement Agreement and for Damages, Attorneys' Fees, and

8   Sanctions.

9          Pursuant to Local Rule 7-3, Plaintiffs' counsel discussed the subject matter

10  of this Motion with Defendants' counsel on the telephone on July 18, 2019.

11         This Motion is based upon this Notice of Motion and Motion, the

12  Memorandum of Points and Authorities in support, the Declarations of Van M.

13  Pham and Kevin M. Welch in support thereof, all pleadings and papers filed in this

14  action, and upon other matters as may be presented to the Court at the time of the

15  hearing.

16

17  Dated: July 29, 2019

18

19

20                      By:_____

                        Kevin M. Welch, Esq. (SBN 254565)

21
                        LAW OFFICE OF KEVIN M. WELCH
22                      P.O. Box 49, Hermosa Beach, CA 90245
                        Tel.:  (310) 929-0553
23                      Email:Kevin@kmwlawoffice.com

24                      Attorney for Plaintiffs and Counterclaim
25                      Defendants,
                        MISS GLOBAL ORGANIZATION, LLC
26                      And VAN PHAM

27

28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE THE
DISMISSAL AND ENFORCE THE SETTLEMENT AGREEMENT
AND FOR DAMAGES, ATTORNEYS, FEES, AND SANCTIONS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs Van Pham and Miss Global Organization, LLC ("MGO") bring this instant Motion to Vacate the Dismissal and Enforce the Settlement Agreement and for Damages, Attorneys fees, and Sanctions because after successfully reaching a binding settlement during the Court ordered settlement conference, Defendants have: 1) refused to participate in the drafting of the written settlement agreement; 2) refused to remit the agreed upon settlement payments; 3) breached the non-disparagement term of the settlement agreement; 4) breached the settlement agreement term regarding the identity of the founder of MGO by claiming to "have started MGO" and to have *helped create the Miss Global Brand*" on a radio interview; 5) refused to acknowledge the settlement agreement or sign any version of the written settlement agreement; and 6) otherwise failed to <u>consummate</u> the settlement.

<u>This Court explicitly retained jurisdiction to vacate the dismissal and reopen the action upon a showing of good cause that the settlement has not been "consummated."</u>  In the instant case, Defendants have done absolutely nothing that could be remotely characterized as "<u>consummation</u>" since the moment they agreed to the settlement terms on record and left the courtroom on May 15, 2019.

Plaintiffs respectfully request that the Court withdraw its Order Dismissing this case and Enforce the settlement agreement by issuing a Judgment substantially congruent with the terms of the settlement agreement (including an injunction enjoining Defendants from engaging in behaviors in which they agreed not to engage), and additionally including damages for Defendants' breaches, cost and attorneys' fees related to enforcement, and sanctions for Defendants' refusal to participate in drafting a written version of the settlement agreement, refusing to sign any version of the settlement agreement, and for Defendants' bad faith behavior in general.

## II.    STATEMENT OF FACTS

The parties in this action reached a binding settlement agreement with the assistance of Magistrate Judge Karen E. Scott during the Court Ordered Settlement Conference that occurred on May 15, 2019, and Defendants' counsel read the key terms of the settlement agreement into the Court's record and all parties verbally confirmed their willingness to settle this matter under the terms, as articulated.  A transcription of the Court record from May 15, 2019 is filed under seal accompanying this Motion. (Pham ¶¶4&5, Exhibit A).

The settlement agreement included a term that required the parties' counsels to cooperate to draft a written settlement agreement within 45 days reflecting the key terms, but clarified that <u>any disagreements during the process would not affect the enforceability of the settlement per the key terms read into the Court's record to which all parties agreed</u>.

On May 16, 2019, the parties notified the Court that a settlement had been reached so that the Court could remove all scheduled proceedings in this case from its calendar.  The parties' Notice of Settlement specifically informed the Court that the parties were working on drafting a written settlement agreement to be completed no later than 45 days from May 15, 2019 and that upon finalization of that document the parties would prepare a Stipulated Dismissal per FRCP 41(1)(A)(ii).  (Dkt. 123).

On May 17, 2019, the Court issued an Order Dismissing this case without prejudice, and ordering that all scheduled proceedings in this case vacated and taken off calendar; however, the Court's Order <u>explicitly retained jurisdiction for forty-five (45) days to vacate the order and reopen this action upon showing of good cause that the settlement had not been consummated</u>.  (Dkt. 124).

Unfortunately, after leaving Court on May 15, 2019, Defendants completely refused to participate in drafting a written settlement agreement and immediately began breaching the terms of the agreement, never remitted the agreed upon first

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE THE DISMISSAL AND ENFORCE THE SETTLEMENT AGREEMENT AND FOR DAMAGES, ATTORNEYS FEES, AND SANCTIONS** – Page 2–

settlement payment, and now deny the validity of the settlement agreement and refuse to sign any written version of the settlement agreement. (*See* Declarations of Kevin M. Welch and Van M. Pham *generally*).

The following is a brief description of events that evidence Defendants' total and complete failure to consummate the settlement agreement after leaving the Court on May 15, 2019:

- On June 6, 2019, Plaintiff's counsel sent Defendants' counsel a draft of the written settlement agreement to review.  Plaintiffs' counsel received no response from Defendants' counsel. (Welch Decl., ¶¶ 4,5&15, Exhibits A&B).

- On June 11, 2019, Plaintiff's counsel sent Defendants' counsel another email requesting a response and reminding Defendants' counsel that the first settlement payment was due on June 14, 2019. Defendants' counsel responded that he would "be in touch." (Welch Decl., ¶¶ 7, 15, Exhibit B).

- On June 13, 2019, Plaintiff's counsel sent Defendants' counsel another email reminding Defendants' counsel, once again, that the first settlement payment was due on June 14, 2019.  Defendants' counsel responded that he was still waiting to hear from his clients' and that he would "be in touch." (Welch Decl., ¶¶ 7, 15, Exhibit B).

- On June 14, 2019, Plaintiff's counsel called Defendants' counsel on the telephone and inquired about the status of the draft written settlement agreement and the status first settlement payment which was due that day.  Defendants' counsel verbally informed Plaintiffs' counsel that he had not yet heard back from his client.  (Plaintiffs' counsel subsequently sent Defendants' counsel an email summarizing their telephone conversation). (Welch Decl., ¶¶ 8, 15, Exhibit B).

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE THE DISMISSAL AND ENFORCE THE SETTLEMENT AGREEMENT AND FOR DAMAGES, ATTORNEYS FEES, AND SANCTIONS** – Page 3–

- On June 17, 2019, Plaintiff's counsel sent Defendants' counsel another email an inquiring about the status of the draft written settlement agreement and the past due first settlement payment. Plaintiffs' counsel did not receive a response from Defendants' counsel. (Welch Decl., ¶¶ 9, 15, Exhibit B).

- On June 19, 2019, Plaintiff's counsel called Defendants' counsel on the telephone and inquired about the status of the draft written settlement agreement and the past due first settlement payment. Defendants' counsel verbally informed Plaintiffs' counsel that he had not received any communication from his clients.  (Plaintiffs' counsel subsequently sent Defendants' counsel an email summarizing their telephone conversation). (Welch Decl., ¶¶ 10, 15, Exhibit B).

- On June 20, 2019, Plaintiff's counsel sent Defendants' counsel another email inquiring about the status of the draft settlement agreement and the past due first settlement payment.  Defendants counsel responded the next day, on June 21, 2019, that he did not have anything further to report.  (Welch Decl., ¶¶ 11, 15, Exhibit B).

- On June 25, 2019, Plaintiff's counsel sent Defendants' counsel another email an inquiring about the status of the draft settlement agreement and the past due first settlement payment and also inquired whether Defendants' counsel was still representing Defendants. Defendants counsel responded the next day, on June 26, 2019, that he did not have anything further to report.  He did not respond to Plaintiffs' counsel's question regarding representation. (Welch Decl., ¶¶ 12, 15, Exhibit B).

- On June 26, 2019, Plaintiff's counsel sent Defendants' counsel another email repeating the question regarding whether Defendants' counsel was still representing Defendants.  Defendants counsel

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE THE DISMISSAL AND ENFORCE THE SETTLEMENT AGREEMENT AND FOR DAMAGES, ATTORNEYS FEES, AND SANCTIONS** – Page 4–

responded on the same day, June 26, 2019, that he did not have
anything further to report. (Welch Decl., ¶¶ 13, 15, Exhibit B).

- Plaintiffs' counsel then sent Defendants' counsel a second email that
  day, July 26, 2019, to clarify whether Defendants' counsel did not
  know the current status of his representation of Defendants or whether
  Defendants' counsel was refusing to answer the question.
  Defendants' counsel responded that he was <u>no longer authorized to
  communicate with Defendants counsel</u>. (Welch Decl., ¶¶ 14, 15,
  Exhibit B).

- Plaintiffs' counsel then emailed the chambers of the Magistrate Judge
  Scott (copying defense counsel) and described the difficulties
  Plaintiffs were experiencing. (Welch Decl., ¶¶ 16, 17, Exhibit C).

- On June 28, 2019, the Court Ordered all parties and their attorneys to
  attend a second settlement conference <u>and extended the Court's
  retention of jurisdiction to September 3, 2019</u>.  (Dkt. 125).

- On July 1, 2019, Defendants' counsel filed a Request to Substitute or
  Withdraw from the case and Plaintiffs' counsel filed an objection to
  Defendants' request. (Dkt. 126).

- On July 8, 2019, all the parties and their attorneys attended the second
  settlement conference (although Defendants were allowed to attend
  telephonically because they complained of the travel distance from
  Washington State).  Unfortunately, the parties were unable to resolve
  their differences. (Dkt. 131).

At this time, Defendants refuse to sign any version of the written settlement
agreement leaving Plaintiffs no choice but to request Judgment from this Court to
enforcement the settlement agreement. (Welch Decl., ¶20).

Defendants have also already intentionally breached the settlement agreement multiple time pursuant to the settlement terms read into the Court's record on May 15, 2019, such instances include the following:

- On May 16, 2019, one day after reaching an agreement in the first Settlement Conference, Defendant Scott Ware sent the following disparaging message through Facebook messenger to the MGO Facebook account, " *Van Pham = #1 world's greatest fool. Going to be a fun ride to watch now. I bet within 1-year the whole world hates you even more hahaha.*" The message is followed by a "middle finger" emoji and a "kissing lips" emoji. This is an intentional breach of the non-disparagement clause of the settlement agreement. (Pham Decl., ¶¶6&7, Exhibit B).

- On June 14, 2019, Defendants were supposed to remit the first of two settlement payments pursuant to the binding terms of the Settlement Agreement. No payment was remitted. (Pham Decl., ¶8).

- On June 18, 2019, Defendant Sokhuntea Mak went on a Seattle radio show promoting another beauty pageant and stated that she "*started the previous pageant*" when referring to the Miss Global Beauty Pageant. This is a breach of the agreement term in which the parties agreed that Plaintiff Pham is the sole founder of MGO. (Pham Decl., ¶9).

- On June 26, 2019, the same day that Defendants' counsel stated that he was no longer authorized to communicate to Plaintiffs' counsel, Defendant Scott Ware sent the following disparaging message through Facebook messenger to the MGO Facebook account, "*hey, Van, does your mother know how disgusting you are yet? Greasy pig!*" (Pham Decl., ¶¶10&11, Exhibit C).

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE THE DISMISSAL AND ENFORCE THE SETTLEMENT AGREEMENT AND FOR DAMAGES, ATTORNEYS FEES, AND SANCTIONS** – Page 6–

- Thirteen minutes later the same day, June 26, 2019, Defendant Scott Ware sent the following disparaging message through Facebook messenger to the MGO Facebook account, "*I think I saw your face on America's most wanted*" The MGO Facebook account is managed by Plaintiff Pham's employee and therefore this disparaging comment is seen by more than just Plaintiff Van Pham. (Pham Decl., ¶¶12&13, Exhibit D).

- On July 13, 2019, Defendant Scott Ware sent Plaintiff Van Pham the following message through imessenger, "YUR FUKT" followed by a series of eyeball emoji's. (Pham Decl., ¶¶14&15, Exhibit E).

These distasteful messages are not only intentional breaches of the non-disparagement term of the settlement agreement, they are also indications that Defendants have not conducted themselves with good faith intentions during the settlement process and very likely do not intend to exercise good faith in the future.

Defendants made it very clear that they do not intend to honor the binding terms of the settlement agreement and will likely continue to breach the various terms of the settlement agreement unless enjoined by this Court.

## III.   LEGAL STANDARD

Where the action is still pending or the federal court otherwise has jurisdiction, either party may move for an order to enforce a settlement agreement. See *Golden v. California Emergency Physicians Med. Group* (9th Cir. 2015) 782 F3d 1083, 1088 (plaintiff's former attorney sought to enforce settlement agreement to collect contingency fee). The court has power to order *specific performance* of the settlement agreement or to award *damages* against the party in breach (or to impose sanctions for contempt). *TNT Mktg., Inc. v. Agresti* (9th Cir. 1986) 796 F2d 276, 278.

Parties who wish to retain the Court's jurisdiction to enforce their settlement agreement may do so <u>either by having the court *expressly* "retain jurisdiction"</u> or by *incorporating the terms* of the settlement agreement in the order of dismissal.

Thus, where the original action has been dismissed (without retention of jurisdiction to enforce the settlement agreement), a new action must be filed in a court having subject matter jurisdiction. (This generally means diversity jurisdiction because enforcing a settlement does not involve a federal question.) *Limbright v. Hofmeister (6th Cir. 2009) 566 F3d 672, 676—court with subject matter jurisdiction can summarily enforce* settlement agreement that resulted in dismissal of earlier lawsuit; *Hendrickson v. United States* (2nd Cir. 2015) 791 F3d 354, 362—absent retention of jurisdiction, post dismissal enforcement of settlement agreement is for state courts unless independent basis for federal jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of America*, supra, 511 US at 381, 114 S.Ct. at 1677; *K.C. ex rel. Erica C. v. Torlakson* (9th Cir. 2014) 762 F3d 963, 967; see *Hill v. Baxter Healthcare Corp.* (7th Cir. 2005) 405 F3d 572, 576-577.

Where settlement is reached at a court settlement conference, the judge will often cause the agreement to be "put on the record"—i.e., the terms will be stated in open court, and taken down by a court reporter, or entered in the minutes, or both. See *Doi v. Halekulani Corp.* (9th Cir. 2002) 276 F3d 1131, 1138; *Lynch, Inc. v. SamataMason Inc.* (7th Cir. 2002) 279 F3d 487, 490—"standard practice" to dictate terms to court reporter where settlement reached during informal conference. CD CA Local Rule 16-15.7.

This serves several purposes:1) It provides a record of the precise terms of the agreement; 2)It assures that all settling parties actually heard and consented to the same settlement terms; and 3) It provides a basis for enforcement of the settlement, if necessary.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE THE DISMISSAL AND ENFORCE THE SETTLEMENT AGREEMENT AND FOR DAMAGES, ATTORNEYS FEES, AND SANCTIONS** – Page 8–

1    A party may, on noticed motion, be sanctioned for refusing to sign a written
2  settlement that embodies terms *orally agreed to before the court:* "An agreement
3  announced on the record becomes binding even if a party has a change of heart
4  after [he or she] agreed to its terms but before the terms are reduced to writing."
5  [*Doi v. Halekulani Corp.* (9th Cir. 2002) 276 F3d 1131, 1138.

6    IV.   **ARGUMENT**

7      a.  **This Court Has Explicitly Retained Jurisdiction**

8    Parties who wish to retain the Court's jurisdiction to enforce their settlement
9  agreement may do so <u>either by having the court *expressly* "retain jurisdiction"</u> or
10 by *incorporating the terms* of the settlement agreement in the order of dismissal.

11    Thus, where the original action has been dismissed (without retention of
12 jurisdiction to enforce the settlement agreement), a new action must be filed in a
13 court having subject matter jurisdiction. (This generally means diversity
14 jurisdiction because enforcing a settlement does not involve a federal question.)
15 *Limbright v. Hofmeister (6th Cir. 2009) 566 F3d 672, 676—court with subject*
16 matter jurisdiction can *summarily enforce* settlement agreement that resulted in
17 dismissal of earlier lawsuit; *Hendrickson v. United States* (2nd Cir. 2015) 791 F3d
18 354, 362—absent retention of jurisdiction, post dismissal enforcement of
19 settlement agreement is for state courts unless independent basis for federal
20 jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of America*, supra, 511 US
21 at 381, 114 S.Ct. at 1677; *K.C. ex rel. Erica C. v. Torlakson* (9th Cir. 2014) 762
22 F3d 963, 967; see *Hill v. Baxter Healthcare Corp.* (7th Cir. 2005) 405 F3d 572,
23 576-577

24    In this case, the Court explicitly retained jurisdiction for forty-five (45) days
25 to vacate this order and reopen the action upon showing of good cause that the
26 settlement has not been consummated. (Dkt. 124).  Subsequently, upon hearing
27 that the settlement agreement was not being consummated, this Court extended its
28 retention of jurisdiction to September 3, 2019.  (Dkt. 125).

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE THE
DISMISSAL AND ENFORCE THE SETTLEMENT AGREEMENT
AND FOR DAMAGES, ATTORNEYS FEES, AND SANCTIONS** – Page 9–

1  As previously described, Defendants began disparaging Plaintiffs
2  immediately upon leaving Courtroom on May 15, 2019 when the binding
3  settlement agreement was struck.  Defendants also completely failed to participate
4  in drafting the written version of the settlement agreement and failed to make the
5  first settlement payment as agreed.  In fact, Defendants took no action whatsoever
6  towards consummating the settlement agreement.

7  Plaintiffs respectfully submit that this Court still retains both personal and
8  subject matter jurisdiction over Defendants as it has not yet relinquished its
9  jurisdiction that was originally established when this case began many months ago.

10  **b.  This Court has the Power to Enforce the Settlement Agreement**

11  Where the action is still pending or the federal court otherwise has
12  jurisdiction, either party may move for an order to enforce a settlement agreement.
13  See *Golden v. California Emergency Physicians Med. Group* (9th Cir. 2015) 782
14  F3d 1083, 1088 (plaintiff's former attorney sought to enforce settlement agreement
15  to collect contingency fee).  The court has power to order *specific performance* of
16  the settlement agreement or to award *damages* against the party in breach (or to
17  impose sanctions for contempt). *TNT Mktg., Inc. v. Agresti* (9th Cir. 1986) 796 F2d
18  276, 278.

19  A federal Court that has retained jurisdiction may enforce a settlement
20  agreement. *Hook v. State of Arizona, Dept. of Corrections* (9th Cir. 1992) 972 F2d
21  1012, 1014; *Florida Ass'n for Retarded Citizens, Inc. v. Bush* (11th Cir. 2001) 246
22  F3d 1296, 1298—court may assert jurisdiction to enforce terms of consent decree
23  even after case is administratively closed.

24  Here, the Court explicitly retained jurisdiction, and therefore, it is well
25  within the discretion of this Court to enforce the settlement agreement per the
26  terms read into the Courts record on May 15, 2019.  Plaintiff acknowledges that
27  the settlement agreement includes a choice of law provision if a subsequent lawsuit
28  is required to be filed to enforce the settlement agreement; however, such clause

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE THE
DISMISSAL AND ENFORCE THE SETTLEMENT AGREEMENT
AND FOR DAMAGES, ATTORNEYS FEES, AND SANCTIONS** – Page 10–

1    does not strip this Court from exercising its powers under its current jurisdiction.
2    Plaintiffs' submit that it is well within the courts' powers to enforce the settlement
3    agreement in this matter.

4        **c.**  **This Court Should Sanction Defendants for Failing to Sign the**
5            **Settlement Agreement**

6         A party may, on noticed motion, be sanctioned for refusing to sign a written
7    settlement that embodies terms *orally agreed to before the court:* "An agreement
8    announced on the record becomes binding even if a party has a change of heart
9    after [he or she] agreed to its terms but before the terms are reduced to writing."
10   *Doi v. Halekulani Corp.* (9th Cir. 2002) 276 F3d 1131, 1138.

11        Here, all parties verbally confirmed their willingness to settlement this case
12   on the terms read into the Court's record by Defendants' counsel on May 15, 2019.
13   Subsequently, Defendants have chosen to simply ignore their obligation under the
14   settlement agreement and have refused to sign any version of the settlement
15   agreement.  Plaintiffs submit that the short time frame in which Defendants
16   originally agreed to make the settlement payment was a significant factor in
17   Plaintiffs' agreement to accept the significantly reduced payment total; a benefit
18   that Plaintiffs are not receiving now that Defendants have failed to sign any version
19   of the settlement agreement or make any payment at all.

20        For this reason, Plaintiffs respectfully request that the Court sanction
21   Defendants in an amount of ten thousand dollar ($10,000) for failure to sign the
22   agreement and make timely payment as agreed.  Alternatively, the Court will
23   accept sanction in the amount that the Court finds appropriate for Defendants'
24   refusal to sign the agreement or make the agreed upon payment.

25       **d.**  **The Court Should Award Plaintiffs Damages for Defendants'**
26           **Mulitple Intentional Breaches**

27        The non-disparagement clause in the settlement agreement is very critical to
28   the overall agreement because this case is very personal in nature and has been

(and currently is) very emotionally painful and financially damaging for all parties involved.  For these reasons, Plaintiffs respectfully submit that there should be a financial consequence for Defendants' intentionally breaches of the terms of the agreement prohibiting disparagement, especially in light of all the time, money, and resources expended both the parties and the Court to reach the settlement agreement.

Plaintiffs submit that the Court should award Damages to Plaintiff in the amount of ten thousand dollars ($10,000) per intentional breach outlined in the Declaration of Plaintiff Van Pham (four intentional breached related to targeted disparaging comments and one breach related to claiming to have started MGO on a radio program) for a total of amount of damaged of fifty thousand dollars ($50,000).  Alternatively, Plaintiffs will accept the amount of damages that the Court finds appropriate.

e. **The Court Should Award Plaintiffs' Cost and Attorneys' Fees Related to Efforts Made Necessary by Defendants Breach**

The settlement agreement explicitly included a term allowing for reasonable cost and reasonable attorneys' fees related to enforcement efforts, if necessary.

Here, Plaintiffs' attorney was required to return to Court on July 8, 2019 and draft and file this Motion.  Plaintiffs' attorney submits that attendance of the second settlement conference on July 8, 2019, including preparation (made necessary by Defendants' multiple breaches) resulted in attorneys' fees of two thousand dollars ($2,000), and that the legal research, consultation, preparation and filing of this motion (including preparing and filing a Reply and attending a hearing on August 26, 2019) will result in legal fees of six thousand dollars ($6,000).

Therefore, Plaintiffs respectfully submit that the Court should award Plaintiffs a total of eight thousand dollars ($8,000) for cost and attorneys' fee

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE THE DISMISSAL AND ENFORCE THE SETTLEMENT AGREEMENT AND FOR DAMAGES, ATTORNEYS FEES, AND SANCTIONS – Page 12–**

1  related to enforcement efforts.  Alternatively, Plaintiffs will accept the amount the

2  Court find appropriate.

3  **V.    CONCLUSION**

4        Having demonstrated good cause that the settlement was not consummated,

5  Plaintiffs respectfully request that this Court withdraw its Order Dismissing this

6  case and issue a Judgment substantially congruent with the terms of the settlement,

7  including a financial award congruent with the total amount of the agreed upon

8  settlement payment amounts, an injunction enjoining Defendant from engaging in

9  behaviors in which Defendants agreed to refrain from engaging, and additional

10  amounts, including an award of ten thousand dollars ($10,000) for sanctions for

11  failure to sign the settlement agreement, fifty thousand dollars ($50,000) for

12  damages related to intentional breaches, and eight thousand dollars ($8,000) for

13  cost and attorneys' fee related to enforcement activates made necessary by

14  Defendants' failure to honor and consummate the settlement agreement.

Dated: July 29, 2018

By: _____

        Kevin M. Welch, Esq. (SBN 254565)

        LAW OFFICE OF KEVIN M. WELCH
        P.O. Box 49, Hermosa Beach, CA 90245
        Tel.:  (310) 929-0553
        Email:Kevin@kmwlawoffice.com

        Attorney for Plaintiffs and Counterclaim
        Defendants,
        MISS GLOBAL ORGANIZATION, LLC
        And VAN PHAM