1 | LAW OFFICE OF KEVIN M. WELCH
2 | Kevin M. Welch, (SBN 254565)
  | *Kevin@kmwlawoffice.com*
3 | P.O. Box 494
  | Hermosa Beach, CA 90245
4 | Tel.: (310) 929-0553
  | Fax: (310) 698-1626

Attorney for the Plaintiffs and Counter-Defendants,
MISS GLOBAL ORGANIZATION, LLC and
VAN PHAM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| MISS GLOBAL ORGANIZATION, LLC, a California limited liability company and VAN PHAM, an individual, | Case No.: 8:17-cv-2223 DOC (KESx) |
|---|---|
| Plaintiff, | **DECLARATION OF KEVIN M. WELCH** |
| v. | **Judge:** Hon. David O. Carter |
| SOKHUNTEA MAK, a/k/a TEA MAK, an individual; SCOTT WARE, an individual; and DOES 1-10, Inclusive, | **Case Filed:** December 20, 2017 |
| Defendants. | |
| SOKHUNTEA MAK, a/k/a TEA MAK, an individual; SCOTT WARE, an individual; and DOES 1-10, Inclusive, | |
| Counterclaim Plaintiffs, | |
| v. | |
| MISS GLOBAL ORGANIZATION, LLC, a California limited liability company and VAN PHAM, an individual, | |
| Counterclaim Defendants. | |

**DECLARATION OF KEVIN M. WELCH**

I, Kevin M. Welch, declare as follows:

1. I have personal knowledge of the facts stated in this declaration, unless otherwise stated upon information and belief. If called as a witness, I could and would testify under oath as to the facts stated in this declaration.

2. I am the attorney of record for Plaintiffs VAN PHAM and MISS GLOBAL ORGANIZATION, LLC ("MGO") in this action.

3. The parties in this action reached a binding settlement agreement with the assistance of Magistrate Judge Karen E. Scott during the Court Ordered Settlement Conference that occurred on May 15, 2019, and Defendants' counsel read the key terms of the settlement agreement into the Court's record and all parties verbally confirmed their willingness to settle this matter under the terms, as articulated. A transcription of the Court record from May 15, 2019 is filed under seal accompanying this Motion as Exhibit A to the Declaration to Van M. Pham.

4. On June 6, 2019, I sent Defendants' counsel a draft of the written settlement agreement to review. I received no response from Defendants' counsel.

5. A true and correct copy of the draft of the written settlement agreement I sent to Defendants' on June 6, 2019 is attached as Exhibit A.

6. On June 11, 2019, I sent Defendants' counsel another email requesting a response and reminding Defendants' counsel that the first settlement payment was due on June 14, 2019. Defendants' counsel responded that he would "be in touch."

7. On June 13, 2019, I sent Defendants' counsel another email reminding Defendants' counsel, once again, that the first settlement payment was due on June 14, 2019. Defendants' counsel responded that he was still waiting to hear from his clients' and that he would "be in touch."

8. On June 14, 2019, I called Defendants' counsel on the telephone and inquired about the status of the draft written settlement agreement and the status

**DECLARATION OF KEVIN M. WELCH**

first settlement payment which was due that day. Defendants' counsel verbally informed Plaintiffs' counsel that he had not yet heard back from his client. (I subsequently sent Defendants' counsel an email summarizing our telephone conversation).

9. On June 17, 2019, I sent Defendants' counsel another email an inquiring about the status of the draft written settlement agreement and the past due first settlement payment. I did not receive a response from Defendants' counsel.

10. On June 19, 2019, I called Defendants' counsel on the telephone and inquired about the status of the draft written settlement agreement and the past due first settlement payment. Defendants' counsel verbally informed me that he had not received any communication from his clients. (I subsequently sent Defendants' counsel an email summarizing our telephone conversation).

11. On June 20, 2019, I sent Defendants' counsel another email inquiring about the status of the draft settlement agreement and the past due first settlement payment. Defendants counsel responded the next day, on June 21, 2019, that he did not have anything further to report.

12. On June 25, 2019, I sent Defendants' counsel another email inquiring about the status of the draft settlement agreement and the past due first settlement payment and also inquired whether Defendants' counsel was still representing Defendants. Defendants counsel responded the next day, on June 26, 2019, that he did not have anything further to report. He did not respond to my question regarding his continued representation.

13. On June 26, 2019, I sent Defendants' counsel another email repeating the question regarding whether Defendants' counsel was still representing Defendants. Defendants counsel responded on the same day, June 26, 2019, that he did not have anything further to report.

14. Subsequently on July 26, 2019, I sent Defendants' counsel a second email to clarify whether Defendants' counsel did not know the current status of his

**DECLARATION OF KEVIN M. WELCH**

representation of Defendants or whether Defendants' counsel was refusing to answer the question. Defendants' counsel responded that he was <u>no longer authorized to communicate with Defendants counsel</u>.

15. A true and correct copy of the electronic mail correspondence described in paragraphs 4 through 14 are included as Exhibit B (*emphasis and handwritten notes added*).

16. Subsequently still, on June 26, 2019, I emailed the chambers of the Magistrate Judge Scott (copying defense counsel) and described the difficulties Plaintiffs were experiencing.

17. A true and correct copy of the electronic mail correspondence described in paragraph sixteen (16) is attached as Exhibit C.

18. On June 28, 2019, the Court Ordered all parties and their attorneys to attend a second settlement conference <u>and extended the Court's retention of jurisdiction to September 3, 2019</u>.

19. On July 8, 2019, all the parties and their attorneys attended the second settlement conference (although Defendants were allowed to attend telephonically because they complained of the travel distance from Washington State). Unfortunately, the parties were unable to resolve their differences.

20. I have been informed that Defendants do not intend to sign any written version of the settlement agreement.

21. Attendance of the second settlement conference on July 8, 2019, including preparation (made necessary by Defendants' multiple breaches) resulted in attorneys' fees of two thousand dollars ($2,000).

22. The legal research, client consultation, preparation and filing of this motion (including preparing and filing a Reply and attending a hearing on August 26, 2019) will result in legal fees of six thousand dollars ($6,000).

**DECLARATION OF KEVIN M. WELCH**

1 | I declare under penalty of perjury under the laws of the State of California
2 | that the foregoing is true and correct.

Executed this 28th day of July, 2019 at Los Angeles, California.

_____
Kevin M. Welch

**DECLARATION OF KEVIN M. WELCH**