# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL RELEASE

This Confidential Settlement Agreement and Mutual Release ("Agreement") is made by and between MISS GLOBAL ORGANIZATION, LLC and VAN PHAM, (collectively, Plaintiffs) on the one hand, and SOKHUNTEA MAK and SCOTT WARE, (collectively, "Defendants") on the other hand, collectively referred to herein as the "Parties" or individually as a "Party," based on the following recitals of fact.

## RECITALS

**WHEREAS**, the Parties are were engaged in litigation in United States District Court for the Central District of California in the case captioned Miss Global Organization, LLC and Van Pham v. Sokhuntea Mak and Scott Ware, Case No. 8:17-cv-2223-DOC (KESx) ("the Dispute" or "the lawsuit"), and are desirous of settling the Disputes and all related claims;

**WHEREAS**, the Parties reached a settlement during the settlement conference with United States Magistrate Judge Karen E. Scott on May 15, 2019 (hereinafter the "Settlement Date") and read the negotiated settlement terms into the Court record on May 15, 2019;

**WHEREAS**, all Parties desire to further codify the terms of their settlement in this Agreement consistent with the terms read into the Court record on May 15, 2019;

## AGREEMENT

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is hereby acknowledged, in consideration of the promises and agreements set forth below, and in light of the circumstances outlined in the recitals above, which are incorporated fully herein by this reference,

**IT IS HEREBY AGREED**, by and between the Parties as follows:

**1.0    SETTLEMENT PAYMENT**

**1.1**    Defendants shall pay Plaintiffs the sum of fifty thousand dollars ($50,000.00) in two separate installment payments as follows:

The first installment payment of ten thousand dollars ($10,000) shall be paid by Defendants to Plaintiffs within 30 days from Settlement Date;

The second installment payment of forty thousand dollars ($40,000) shall be paid by Defendants to Plaintiffs within 90 days from the Settlement Date.

**1.2**    The settlement payment terms are confidential unless disclosure is required by law or pursuant to the exceptions set forth in Section 5.1.

## 2.0     MUTUAL DISMISSAL AND RELEASE OF ALL CLAIMS

**2.1**     With the exception of the Parties' respective representations, warranties, and/or obligations under this Agreement, the Parties, for and on behalf of themselves and any other person who could claim through them (collectively, the "Releasors"), hereby unconditionally, irrevocably and absolutely release and discharge the other Parties, and their employees, principals, attorneys, agents, insurers, parent or related companies, assigns, administrators, executors and heirs (collectively, "Releasees") from any and all charges, complaints, claims, promises, agreements, controversies, suits, demands, costs, losses, debts, causes of action, damages, judgments, obligations, liabilities, and expenses of whatever nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, which Releasors now have against the Releasees, or any of them, by reason of any matter, cause or thing whatsoever from the beginning of time to the date hereof, to the fullest extent permitted by law, relating to or arising from the Dispute.

**2.2**     The Parties expressly waive all rights under section 1542 of the California Civil Code, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**2.3**     The Parties agree and acknowledge that the terms of settlement herein stated constitute a complete compromise of matters involving disputed issues of law and fact.  The Parties expressly and voluntarily assume the risk that the facts or law may be other than they presently believe.  It is understood and agreed by the Parties that the settlement is a compromise of doubtful and disputed claims, and that no portion of the terms of the settlement shall be construed as an admission of liability by a Party hereto.

**2.4**     Notwithstanding the general nature of the foregoing release, it is specifically understood that this release *does not apply to*:

(a) Any claims related to breach of the terms, representations, or warranties specified in this Agreement.

## 3.0     AGREEMENT OF OWNERSHIP

**3.1**     The Parties agree (and Defendants will not dispute to anyone) that Plaintiff Van Pham is the sole owner and sole founder of Plaintiff Miss Global Organization, LLC.  The Parties' agreement that Van Pham is the sole owner and sole founder of Plaintiff Miss Global Organization, LLC *is not confidential.*

**3. 2** The Parties agree (and Defendants will not dispute to anyone) that Van Pham or Miss Global Organization owns the Miss Global intellectual property, including federally registered trademarks G MISS GLOBAL, reg. no. 4219443 and MISS GLOBAL, reg, no. 4140556, as well as common law MISS GLOBAL formative trademarks.

**3.3** The Parties agree (and Defendants will not dispute to anyone) that Van Pham and/or Miss Global Organization, LLC own the Miss Global social media sites and the Miss Global beauty pageant business.

**3.4** Defendants represent and warrant that they do not currently own any Internet domain names featuring some form of the term MISS GLOBAL.  Should it be discovered at a later date that Defendants do own such Internet domains, Defendants agree to: a) transfer ownership to Van Pham immediately, or b) let the domain name expire without re-registering it.

**4.0    NON-DISPARAGMENT**

**4.1** All Parties agree not to disparage each other, including but not limited to, matters concerning their personal lives, social involvements, personal traits, conduct, beliefs, associations, professional pursuits, competency, abilities, ethics, this Agreement, and/or history. This mutual prohibition against such disparagement shall extend to any and every form of individual and/or mass communication, whether public or private, written or oral, and through any form of available media, including, without limitation, the internet generally, all social media, professional publications, evaluations and references, communications within their respective social and professional communities or otherwise.

**4.2** Notwithstanding the non-disparagement and confidentiality terms, all parties may: a) publically discuss events reflected in the public docket of the Dispute; b) publically discuss that the lawsuit was filed and resolved via settlement with mutually acceptable terms and without any party admitting wrongdoing; c) Defendant Sukhuntea Mak is permitted to refer to herself as a former pageant director for the Miss Global Pageant who is no longer affiliated with Miss Global Organization, LLC; and d) No Party may say that it "won" the lawsuit. All Parties will instruct their agents and employees (including national directors) not to claim that any Party "won" the lawsuit.

**5.0    CONFIDENTIALITY**

**5.1** The Parties agree that they will not, without compulsion of legal process, disclose to any third party any of the terms of this Agreement, including the amounts referred to herein, except that they may disclose such information to: (1) their spouses or immediate family members, if any; or (2) their attorneys, accountants, or other professional advisors to whom disclosure is necessary to effect the purposes for which the Party consulted such professional advisor(s); and (3) as compelled by law or a government agency, pursuant to law, regulation or legal process.  The Parties agree that in connection with any disclosure permitted hereunder, they will cause such third party to whom disclosure has been made to agree to comply with this covenant of confidentiality and non-disclosure.  This confidentiality provision shall not apply to disclosures that are necessary to enforce this agreement.

## 6.0     ATTORNEYS' FEES

Except as otherwise allocated, the Parties to this Agreement shall bear their own attorneys' fees and costs arising from or related to the Dispute, including those incurred by the negotiation, preparation and execution of this Agreement. In the event that any Party shall institute any action or proceeding against another Party to enforce the provisions of this Agreement, the prevailing Party shall be entitled to recover its expenses, including costs and reasonable attorneys' fees, in addition to any other relief to which the Party is found entitled.

## 7.0     VOLUNTARY AND INFORMED EXECUTION

The Parties represent that they have relied upon the advice of their respective attorneys, who is or are the attorney(s) of their own choice, concerning the legal consequences of this Agreement, that the terms of this Agreement have been completely read, interpreted and explained to them by their attorney, and that the terms of this Agreement are fully understood and voluntarily accepted by the Parties, and each of them.

## 8.0     WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

The Parties represent and warrant that: (i) no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Agreement, except as otherwise set forth herein; (ii) the Parties have the sole right and exclusive authority to execute this Agreement and receive the sums specified in it; and (iii) the Parties have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement to any other person or entity.

## 9.0     ENTIRE AGREEMENT

**9.1**     The Parties understand and agree that this Agreement constitutes the entire agreement between the Parties concerning the scope of the settlement of the Disputes and the related releases of claims and that this Agreement supersedes any and all prior oral or written agreements and understandings on such issues, except the settlement terms read into the Court record before United States Magistrate Judge Karen E. Scott on May 15, 2019.  This Agreement is incorporates and is consistent with such Court record.

**9.2**     No other warranty, representation, condition, understanding, or agreement of any kind with respect to the subject hereof shall be relied upon by the Parties unless also incorporated herein.  Notwithstanding any other provision contained herein, this Agreement may be pled as a thorough and complete defense to, and may be used as the basis for an injunction against any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of the provisions contained herein.

## 10.0     GOVERNING LAW AND ENFORCEMENT OF AGREEMENT

**10.1**     The Parties understand and agree that the laws of the State of California govern the terms and enforceability of this Agreement.

**10.2**    The Parties agree that this Agreement shall be enforceable by the California Superior Court, County of Orange, or as otherwise assigned (the "Court") pursuant to Code of Civil Procedure Section 664.6, and that the Court has jurisdiction and is authorized to take all measures to enforce the Agreement.

## 11.0    NO ADMISSIONS

The Parties understand and agree that nothing in this Agreement is intended, or should be construed, as an admission of any liability, misconduct, or wrongdoing by any Party or as an admission of any violation of the rights of any Party or any third party.

## 12.0    SCOPE OF AGREEMENT

The Parties understand and agree that this Agreement shall bind them and their successors, assigns, heirs, estates, executors, administrators, agents, and representatives and attorneys, and inures to the benefit of the respective Releases.

## 13.0    INTERPRETATION OF THE AGREEMENT

**13.1**    Whenever the context requires, any gender includes all others, and the singular number includes the plural, and vice-versa.

**13.2**    Any captions or headings in this Agreement are inserted for convenience of reference and do not define, describe, or limit the scope or intent of this Agreement or any of its terms.

**13.3**    No inference, assumption, or presumption shall be drawn from the fact that a Party or their attorney prepared and/or drafted this Agreement.

**13.4**    Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, or enforceability of the remaining parts, terms, or provisions, shall not be affected, and the illegal, unenforceable, or invalid part, term, or provision shall be deemed not part of this Agreement.

## 14.0    NO ORAL MODIFICATIONS

No amendment, modification, or waiver of this Agreement shall be binding unless duly executed in writing by all Parties.  No waiver of any of the provisions of this Agreement shall be a continuing waiver unless expressly provided in writing.

## 15.0    COUNTERPARTS

This Agreement may be executed in counterparts, each of which may be comprised of original signatures, or copies or facsimiles or electronically-scanned and emailed copies thereof, but all of which shall, taken together, constitute the same agreement, and in pleading or proving

any provision of the Agreement, it shall not be necessary to produce more than one such counterpart.

**ACKNOWLEDGED AND AGREED:**

Dated:   June __, 2019      _____
                                              **Van Pham**

Dated:  June __, 2019      **Miss Global Organization, LLC.**


                                              _____
                                              **By: Van Pham**
                                              **Title:  CEO of Miss Global Organization, LLC**

Dated:  June __, 2019      _____
                                              **Sokhuntea Mak**

Dated:  June __, 2019      _____
                                              **Scott Ware**